# Stokely *against* Robbstown Bridge Company.

An incorporated Turnpike Company have the right to dig stone, clay and gravel, within the limits of the road, for its improvement and repair; and are not thereby subject to an action by the owner of the land.

ERROR to *Westmoreland* county.

This was an action of trespass by Joseph Stokely against The Robbstown Bridge Company.

The act of the 18th of March 1816, which incorporated the Robbstown and Mount Pleasant Turnpike Company, authorized it, by sections ten and eleven, to lay out a road not less than fifty, nor more than sixty feet in width, twenty-one feet thereof to be made an artificial road, constructed of stone and gravel, and directed that they should forever after maintain and keep it in good and perfect order. The damage suffered by the owner of the land, by the road passing over the same, was, within one year, to be assessed by three freeholders, taking into view and making allowance for all advantages accruing, or likely to accrue, therefrom. The company accordingly located their road sixty feet wide, over the plaintiff's land, and constructed twenty-one feet in width of stone, under a contract dated in April 1819. Its western termination was on the Youghiogeny river, over which there was then no bridge. On the 23d of March 1831, a company was incorporated who built a bridge, which was raised higher than the road, and in order to obtain access to the bridge by the road, it became necessary, in 1833, to raise the road higher at that point. This the Turnpike Company authorized the Bridge Company to do, and for that purpose empowered them to take down the clay, gravel and stone within the bounds of the sixty feet from the foot of the hill to the top. For this removal of the earth, &c., the plaintiff brought this action of trespass. .

The court below (Young, President) was of opinion that the plaintiff was not entitled to recover. Judgment for defendant.

*Coulter*, for plaintiff in error.
*Alexander*, for defandant in error.

The opinion of the Court was delivered by

SERGEANT, J.—It was decided in M'Clennehan *v.* Curwin, 3 *Yeates* 362; 6 *Binn.* 509, that the commonwealth, by virtue of the original grant on all warrants and surveys of land of six per cent. additional for roads, &c., could confer, and by the act of the 9th of April 1792, did confer, upon the Philadelphia and Lancaster Turnpike Company the right to dig up the soil on the track of that road, for the purpose of constructing it, without compensation to the owner for the damage sustained in consequence of his land being taken for the road.   The sections of that act on the subject, correspond with those in the act of the 18th of March 1816, incorporating the Robbstown and Mount Pleasant Turnpike Company, with the addition, in the latter, of the proviso, usual of late in turnpike acts, that if the owner suffered damage by the road passing over his land, he might, within one year, apply to the court of quarter sessions, who should appoint three disinterested freeholders to assess the damage sustained by reason of the road passing over the same, making allowance for the advantages.   This makes the case stronger against the plaintiff, as he has received, or might have received compensation in the manner prescribed by the act.   This company is authorized and required not only to make the road, but to maintain and keep it in order: and has a right, therefore, to use so much of the earth and materials of the soil, within the tract of the road, as is necessary and adapted to that purpose, not only in the original construction of the road, but in the repairs necessary to be made from time to time: for they stand upon the same footing.   Subject to this right the soil remains in the plaintiff.   This road, it seems, led originally to the river edge, but when the bridge was subsequently built, there could be no access from the road to and across the bridge without elevating that part of the road adjoining it; and to do this the Turnpike Company authorized the Bridge Company, as their agents, to dig earth, stones and gravel within the width of the sixty feet.   This we think they had a right to do, under the act of assembly, as a necessary means of keeping up and maintaining their road in good order for the use of the public; and that, therefore, the judgment of the court below was right.

Judgment affirmed.