## COMMONWEALTH v. JOS. McNAUGHER ET AL.

APPEAL BY THE COMMONWEALTH FROM THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued October 30, 1889—Decided January 6, 1890.

[To be reported.]

1. When the commonwealth has laid out public land as a town site, establishing streets and alleys thereon, and declaring by a statute that they shall be common highways forever, such streets and alleys are not within the rule requiring that land dedicated as a highway must be accepted as such by the public, before an obstruction thereof can amount to a public nuisance.

2. Any private occupation or obstruction of a highway so established, such as the erection of a building or fence thereon, is a nuisance, although, for want of grading by the local authorities, the street has never been passable otherwise than on foot, and although it is not shown that there is or has been any travel thereon, by foot passengers or otherwise, which has been actually incommoded.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 80 October Term 1889, Sup. Ct.; court below, No. 782 September Term 1888, Q. S.

At September Sessions, 1888, of the court below, the grand jury returned as a true bill an indictment charging Joseph McNaugher and Samuel McNaugher with unlawfully and injuriously erecting and maintaining a certain wooden building and fence upon a public highway in the city of Allegheny, known as Federal lane, to the common nuisance of all citizens of the commonwealth going, etc., along said highway. The defendants pleaded severally not guilty, and issue was duly joined.

Charge of Court below.

At the trial on February 1, 1889, the following facts were shown:

Under the provisions of the act of September 11, 1787, 2 Sm. L. 414, a tract of land called "the Reserve Tract opposite Pittsburgh," now embraced within the city of Allegheny, was surveyed and laid out as a town in lots, with streets, lanes and alleys. The act declared that these streets, lanes and alleys should be common highways forever. Among the highways so laid out was one called Federal lane, running north, and terminating at the northern boundary of the Reserve Tract. The commonwealth by various patents conveyed all the lots abutting on this lane, describing them in the patents as bounded thereby.

For about one third of its length, at its northern end, Federal lane has never been graded so as to prepare it for travel. The public have been using a roadway deflecting from the line of the lane and running nearly parallel with it. The defendants are the owners of land fronting on that part of Federal lane which has not been graded, and for many years they and their predecessors in the title have maintained a barn, and a fence inclosing the same, upon and across it. There was no evidence that the portion of the lane thus obstructed was ever traveled.

At the conclusion of the testimony the court, COLLIER, J., charged the jury as follows:

[The defendants are indicted for maintaining a nuisance, in having buildings upon a public highway. This highway was laid out, defined and made a public highway by virtue of an act of the legislature, and the only question in the case is, whether the defendants, if you believe they are upon the highway as designated by the drafts given in evidence by the commonwealth, can be convicted of maintaining a nuisance, if the road is not used by the public at all. That is the only question in the case; whether the defendants would be guilty of maintaining a nuisance if there was no use made of that part of the road, which is laid out on paper, and in the act of assembly, but not on the ground; whether, there being no use of it by the public, foot passengers or anybody else, they are amenable to the criminal law. My own opinion (and I have

so decided heretofore), is, that it is not a criminal offence, however it may be as to the civil remedy; for the essence of a nuisance in a case like this is the interference with the travel of the public.] [3] [If you find there is no travel there; that the road is never used in any way, either by foot passengers or otherwise, I instruct you that the defendants would not be guilty of the offence charged in the indictment. If you find that to be the case, you return a verdict for the defendants; but if you find there is any evidence that it was used by persons as a road, or any part of it, the defendants would be guilty.] [4] . . . . .

The commonwealth has asked me to charge you:

1. Federal lane, in Allegheny, as established and laid out by the act of 1787, and the survey for the Reserve Tract opposite Pittsburgh, was a public highway, and under the evidence is a public highway to-day.

Answer: That is affirmed. It is a public highway, although not laid out on the grounds.

2. If the jury believe that the defendants occupied or obstructed any part of the state road, Federal lane, Allegheny, as laid out by the state under the act of 1787, and the survey, they would be guilty as indicted.

Answer: This is refused, and a bill of exceptions sealed for the commonwealth. Unless there was a road or path, something traveled by the public, the defendants cannot be convicted of obstructing the public highway, for there is no public highway to obstruct. [1]

3. In the case of a street laid out by the state, it is not necessary that the same be accepted or used by the public, before the person may be guilty of a nuisance, who may obstruct the same.

Answer: That is refused. It is necessary that it be used to some extent, however small. [2]

Mr. Ferguson: I would ask your honor to charge, that inasmuch as it appears that the ground in question is a part of an entire street, extending from Allegheny river, to the northern line of the Reserve Tract, known by the name of Federal street or lane, in the plan of the Reserve Tract, the fact that a very considerable portion of it has been actually adopted for the public use, and traveled, and is so used, is sufficient to make it a nuisance for any person to obstruct any portion not yet used.

Answer: That is for the jury. Gentlemen, you will take that into consideration in finding your verdict.[5]

The jury returned a verdict of not guilty, but that the defendants should pay the costs, and the court passed judgment accordingly. Thereupon the commonwealth took this appeal, assigning for error:

1, 2. The answers to the commonwealth's points.[1] [2]

3, 4. The parts of the charge embraced in [ ] [3] [4]

5. The answer to the commonwealth's verbal request.[5]

*Mr. John S. Ferguson* and *Mr. W. D. Moore* (with them *Mr. W. D. Porter*, District Attorney, and *Mr. F. C. McGirr*), for the appellant:

1. The existence of Federal lane as a public highway was sufficiently established, as the court below charged, in answer to our first point. Hence the defendants were guilty of maintaining a nuisance, notwithstanding the absence of evidence that the street had ever been used at the point where they obstructed it, for the reason that the public had a right to use it as laid out by the state. The court was wrong in charging that the essence of a nuisance, in such a case, is the interference with the travel of the public: Wood on Nuisances, §§ 250, 297; Commonwealth v. Rush, 14 Pa. 186.

2. The fact of user is only evidence of the existence of a highway, or of its acceptance by the public after a dedication. But a highway laid out as this one was, needs no such acceptance. If a purchaser of an adjoining lot can escape an indictment by fencing in the highway early enough to prevent the public from ever using it, as was done in this case, he would benefit by his own wrong. The nonuser does not affect the question of nuisance in the case of such a highway: Commonwealth v. Railroad Co., 27 Pa. 339. Nor does the neglect of the municipal authorities to grade: Commonwealth v. Moorehead, 118 Pa. 344. The exact point in this case has been ruled in Iowa: Harrow v. State, 1 Greene (Ia.) 439.

*Mr. W. B. Rodgers* (with him *Mr. George D. Riddle*), for the appellees:

1. It is admitted in the specifications of error that the part

of Federal lane, which the defendants were indicted for obstructing, had never been opened on the ground, nor adopted by the local authorities, nor used by the public in any manner. We may admit that the commonwealth dedicated the land for street purposes, but in addition to dedication, there must be acceptance in some way: Alley in Pittsburgh, 104 Pa. 622; Commonwealth v. Moorehead, 118 Pa. 344; Cincinnati v. White, 6 Pet. 440; Wood on Nuisances, § 247; Angell on Highways, § 157; State v. Carver, 5 Strob. 217. The reason for this rule is that the public should have the right to determine for itself what dedicated streets would suit its purposes, and to avoid being burdened by streets useless or too expensive to repair or improve: Commonwealth v. Moorehead, 118 Pa. 353; People v. Jones, 6 Mich. 176.

2. Harrow v. State, 1 Greene (Ia.) 439, was not a case of dedication. When the Supreme Court of Iowa had the question in this case before it, it decided that there must be acceptance as well as dedication: Manderschid v. Dubuque, 29 Ia. 73 (4 Am. Rep. 196); Bell v. Burlington, 68 Ia. 296; Waterloo v. Union Mill Co., 72 Ia. 437. The fact that the act of 1787 declares that the streets, lanes and alleys of the tract should be common highways forever, does not change the rule. In laying out this plan and selling lots therein, the commonwealth acted as a proprietor, not as a sovereign: Commonwealth v. Rush, 14 Pa. 188. The contention of the commonwealth would result in the same mischiefs as in the case of streets laid out by private owners, as these streets are laid on straight lines, regardless of the topography of the ground. The answer to the verbal request of the commonwealth cannot be complained of. An acceptance may be of a part of a highway: Wood on Nuisances, § 247; Angell on Highways, § 157.

OPINION, MR. JUSTICE STERRETT:

The indictment, in apt words, charges the defendants with creating and maintaining a public nuisance, in that they constructed a large building, and fence inclosing the same, upon and across a public street and highway known as "Federal lane," extending from the public square in Allegheny city to the northern line of the "Reserve Tract," and still maintain the same; whereby said highway is greatly obstructed, etc., so

that the citizens of this commonwealth could not, and cannot now, go, return, pass and repass, in, upon, and along said highway, as they ought and were accustomed to do, to the great damage and common nuisance of all the citizens of the commonwealth, etc.

It was clearly and conclusively shown that pursuant to the provisions of an act passed September 11, 1787, 2 Sm. L. 414, Federal lane was laid out and established by the commonwealth as a public highway of the uniform width of eighty feet. Evidence was also introduced tending to prove that the buildings and fence complained of were constructed and have been maintained by the defendants in, upon, and across said highway, as charged in the indictment.

In view of the evidence, the court was requested by the district attorney to charge as follows :

" 1. That Federal lane, as established and laid out by the act of 1787, and the survey of the Reserve Tract opposite Pittsburgh, was a public highway, and, under the evidence, is a public highway to-day.

" 2. If the jury believe that the defendants occupy or obstruct any part of said Federal lane or alley, as laid out by the state by the act of 1787, and the survey under same, they would be guilty as indicted.

" 3. In the case of a street laid out by the state, it is not necessary that the same be used or accepted by the public before a person may be guilty of a nuisance who may obstruct the same."

The first point was rightly affirmed, but the second and third were refused, and that is the subject of complaint in the first and second specifications, respectively. The learned judge's reason for refusing these points is disclosed in the portions of his general charge which constitute the third and fourth specifications, in which he makes the guilt of the defendants to depend solely upon whether the commonwealth had succeeded in proving to the satisfaction of the jury that the portion of the highway occupied by the building and fence has been or is used by the public. That question was submitted to the jury thus: " If you find there is no travel there, that the road is never used in any way, either by foot-passengers or otherwise, I instruct you that the defendants would not be

guilty of the offence charged in the indictment ; . . . . . but
if you find there is any evidence that it was used by persons as
a road, or any part of it, the defendants would be guilty."

In refusing to instruct the jury as complained of in the first
and second specifications, and in charging as set forth in the
third and fourth specifications, we think the commonwealth
has just reason to complain. According to the undisputed
evidence, as he correctly instructed the jury, Federal lane, as
established by the commonwealth herself, was and is to-day a
public highway, over and along which every citizen of the state
has an undoubted right to a free and unobstructed passage, on
foot or otherwise ; and any structure that interferes with the
full, free, and uninterrupted exercise of that right is a public
nuisance. The only question of fact for the jury is that re-
ferred to in the first specification of error, viz., whether the de-
fendants, by the building and fence described in the indictment,
occupied or obstructed any part of Federal lane as established
and laid out by the commonwealth, and as to that the weight
of the evidence appears to be decidedly against the defendants.

From the time that Federal lane was established as a public
highway, more than a century ago, every citizen of the com-
monwealth had, and still has, a right to lawfully use it, and
every part of it, either on foot or otherwise. It required no
act of acceptance on the part of any one to make it a public
highway. It became such by the act of sovereign power by
which it was established. Neither its character as a public
highway, nor the right of the public at all times to use it as
such, could be lost by non-user : Wood on Nuisances, § 308.
At common law, any act or obstruction which unnecessarily
incommodes the lawful use of a highway by the public is a
nuisance. Thus, it is a nuisance at common law to dig a ditch
or make a hedge, or erect a gate or fence, across it, or a build-
ing on it : Ang. & D. on Highways, § 223 ; Kelly v. Common-
wealth 11 S. & R. 345 ; Commonwealth v. Railroad Co., 27 Pa.
339 ; Wood on Nuisances, §§ 250, 260. It is there said that
" every actual encroachment upon a highway, by the erection of
a fence or building thereon, or any other permanent or habit-
ual obstruction thereof, may fairly be said to be a nuisance, even
though it does not operate as an actual obstruction of pub
travel. It is an encroachment upon a public right, and as s
is clearly a purpresture and a nuisance. "

The specifications of error are each sustained.

> Judgment reversed, and a venire facias de novo
> awarded.