## Commonwealth, Appellant, v. William W. Jackson.

*Criminal law—Obstructing road—Fences—Road law—How boundaries determined.*

The question whether a fence is maintained within the limits of a public road is a question of fact for the jury and depends upon the location of the defendant's fence with reference to the road as actually opened by the supervisors ; offers of evidence by the commonwealth to show that the fence as erected by defendant was within the limits of the road as laid out by the viewers are inadmissible. The defendant is guilty only if he maintains his fence within twenty feet from the center of the generally traveled track as it was originally opened and not as laid out on paper by the court.

Argued May 17, 1899. Appeal, No. 100, April T., 1899, by plaintiff, from judgment of Q. S. Crawford Co., Sept. Sess., 1898, No. 24, on verdict of not guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Indictment for nuisance, obstructing the public highway. Before THOMAS, P. J.

It appears from the record and evidence that in April, 1858, on a petition for a public road, viewers were appointed, on April 9, 1858, and on August 14 the report of the viewers was filed recommending a road for public use as prayed for, with draft or plot of same attached, which was returned to the court, and same day report confirmed nisi and ordered to be opened forty feet wide. On November 24, 1858, the report was confirmed finally. No formal order of the court was issued to the supervisors to open the road. After the order of confirmation, however, work was done in places on the road by the supervisors of the respective townships and the new road was opened. The road was unchanged from the time it was actually laid out until the building of defendant's fence, which was the nuisance in question, in 1870. The actual road as laid out by the supervisors was not made to conform to the lines of the viewers but followed somewhat devious courses through bog and swamp as a matter of convenience to the public. Defendant in erecting his fence in 1870 built it twenty feet from the center of the road as actually laid out and in 1898 was indicted for nuisance in erecting a fence within the public road as laid out on paper by the viewers.

At the trial the court rejected the testimony of W. W. Sloat and other witnesses on the part of the commonwealth, that the traveled track of the road was within the limits of the road laid out by the viewers as follows: [ "Q. (by commonwealth's counsel). State whether or not the traveled track is within the forty feet of this road."

Defendant's counsel objects as immaterial.

The Court: I do not see its relevancy, Mr. Douglass, at all. I cannot see how it can be important in this case. You meant to ask him whether or not the road as it is now traveled, the track, is within forty feet as reported in this proceeding?

Commonwealth's counsel: Yes, sir.

The Court: I do not see how it benefits us.　Objection sustained and bill of exceptions sealed for the commonwealth.] [1]

The court also rejected like testimony of George P. White, as follows: ["Q. (by commonwealth).　State whether or not this traveled track of the road is within the forty feet of this public road.　A. Yes, sir, all the way."

Defendant's counsel objects to the question.

The Court: Objection sustained and bill of exceptions sealed for the commonwealth, and the answer of the witness stricken out.] [2]

The commonwealth submitted the following points, which points and answers are as follows:

[1. That the work done upon the road and the use by the public in same places along on one side or the other on the road in question and within the limits of the same as laid out by the viewers and approved by the court does not change the actual location of the road, and if the jury find from the evidence that the defendant's fences were within the limits of the road, their verdict should be guilty.　*Answer:* This point does not appear perfectly clear to the court.　If you should find the defendant's fences are within the limits of the road as originally laid out, you find the defendant guilty.　His fence might be within the limits of the road as laid out by the viewers and approved by the court, still if it was not laid out or opened by the supervisors at that place, you must look to the place where the supervisors opened it—that it was actually laid out on the ground, and that is what is to guide you as we have already said.] [6]

[2. That if the jury believe that the defendant placed his fence on or obstructed any part of the public road leading from the northwest corner of Sadsbury township to public road known as plank road (the road in question in this case) laid out and confirmed by court, he would be guilty as indicted.　*Answer:* This point is refused.　It is the road that is actually opened on the ground that is to be obstructed, and not the one laid out on paper by the court.] [7]

The court charged the jury, inter alia, as follows:

[You will determine where the traveled track was originally located; the line of the general track, not where it was turned

around a stump or tree, but the general course, and the bound-
aries of the road are twenty feet on each side of the center
thereof.] [3]

[Whether or not the defendant's fence is inside of the road
as originally opened, whether it is less than twenty feet from
the center of the generally traveled track as it was originally
opened. If it is, the defendant is guilty, and your verdict
should be so recorded. If it is not within twenty feet of that
point the defendant is not guilty.] [4]

[You have heard the testimony as to where this road origi-
nally was, when it was first built, especially across the slough
or bog, or pond, as it has been called, and whether or not it has
been moved from one side to the other.] [5]

Verdict of "not guilty." Commonwealth appealed.

*Errors assigned* were (1, 2) in rejecting testimony of wit-
nesses on the part of the commonwealth that the traveled track
of the road was within the limits of the road as laid out by the
viewers, reciting said evidence. (3–5) To portions of the judge's
charge, reciting same. (6, 7) Answers to commonwealth's points,
reciting same.

*Philip Willett*, district attorney, and *A. M. Fenner*, with them
*Joshua Douglass*, for appellant.—The commonwealth maintains
that when a public road is laid out, approved, and the width
determined by the court as in the case at bar, the whole width
of the road so ordered is dedicated to public use and the super-
visors in opening the same may do work and permit others to
do work in its early inception in the most, at the time, conven-
ient and practicable places across bogs, swampy places, brooks
and the like within the limits ordered by court without affect-
ing or changing the real location made by the viewers, and the
supervisors may, and it is their duty as the public requires, from
time to time to straighten, improve, and widen the track of the
road within the limits ordered : McMurtrie v. Stewart, 21 Pa.
322; Com. v. McDonald, 16 S. & R. 390; Pennsylvania Road
Law, 285.

It was clearly shown at the trial by a number of witnesses
well acquainted with the situation that the road was opened
and worked at either end between Pine and Sadsbury town-
ships for considerable distance on the line laid out by the view-

ers, and from north part passing south, the crossing over bogs was a little westerly over swampy places to the work and track on the center line at southern portion of the road.

It is remarkable that after William Dennis, one of the supervisors, and N. D. Gehr, a resident on the line of the road, had testified without objection, amongst other things, that the openings and work in places on the road were within the limits of the forty feet of the laid out road; that when W. W. Sloat, one of the supervisors, is recalled and testified to an examination of the premises, including Jackson's fence, and its interference with the road, and when asked by commonwealth's counsel to state whether the traveled track was within the limits of the forty feet, the ordered road, objection is made by defendant's counsel, and objection sustained by the court, and exception sealed for the commonwealth.

This question is the subject of first and second assignment of error, and is within the principle determined in a closely analogous and ruling case of Morrow v. Com., 48 Pa. 305.

It was not contemplated, and never is in the early inception of the opening, that the first crossings and work of the road must be done exactly in the center line laid by the viewers, but must always be where most convenient and practicable to construct tracks for immediate use, and when the adjoining land is cleared and public travel increases, the same may be straightened, improved, widened, and the track placed in proper condition to meet the public needs.

We maintain that the road laid out on the ground by the viewers, accompanied by the surveyor's draft or plot, is part of the unquestioned record of the court, and the road laid out on paper is the court record of the road laid out on the ground.

*Arthur L. Bates,* for appellee.—It is settled beyond dispute in Pennsylvania that a road as originally opened and used must so remain, unless altered by a new proceeding under the road law: Morrow v. Com., 48 Pa. 305; McMurtrie v. Stewart, 21 Pa. 322; Com. v. Dicken, 145 Pa. 453; Furniss v. Furniss, 29 Pa. 15; Hancock v. Wyoming Boro., 148 Pa. 635; Com. v. Marshall, 137 Pa. 170.

OPINION BY BEAVER, J., July 28, 1899:

" It has been settled, if anything can be, that a road once laid

out by the proper officers, under an opening order, can be altered only by a new proceeding under the road law. The act of the supervisor is official and, from motives of public policy, necessarily final, until changed or annulled in due course of law. It has been repeatedly held that his authority under the opening order is exhausted by his action upon it and neither he nor anyone by his authority can change or obstruct the road thus laid out, although not laid upon the ground selected by the viewers:" Morrow v. Com., 48 Pa. 305. "The authority under an order to open is exhausted by the action of those to whom it is directed and cannot be resumed. The road once laid cannot be altered, except by a new and an original proceeding according to the road law. Any other doctrine would clothe the supervisors with arbitrary power and work infinite mischief in the old counties where the actual site scarcely ever corresponds with the courses and distances of the survey:" Holden v. Cole, 1 Pa. 303; McMurtrie v. Stewart, 21 Pa. 322. In Com. v. Marshall, 137 Pa. 170, the defendant claimed that he had built his wall without the limits of the road, as originally laid out by the viewers. He was convicted, however, because the wall was within the limits of the road, as opened by the supervisors, and this conviction was sustained. The question in the present case is the converse of this proposition. The defendant claimed in the court below that his fence, maintained continuously in the same place for twenty-eight years, was built originally twenty feet from the center of the road, as opened by the supervisors. The commonwealth contended and offered to show in various ways that the fence, as erected by the defendant, was within the limits of the road, as laid out by the viewers. The testimony so offered was ruled out by the court and the various rulings upon this subject are assigned for error. There was no error in these rulings. As already intimated, the question was not, where was the road laid out or what is the traveled track of the road now, at the time of the trial, but where was the road as opened by the supervisors with reference to the defendant's fence? or rather, where was the defendant's fence with reference to the road as actually opened? This was a question of fact upon which there was testimony on both sides; it was for the jury and their finding thereon is conclusive.

Nor can we see error in the charge of the court. It was plainly

in accordance with the established principles quoted by us in the cases mentioned above. The issue was very plainly raised and clearly stated by the court as follows: "Is the defendant's fence inside of the road, as originally opened? Is it less than twenty feet from the center of the generally traveled track, as it was originally opened? If it is, the defendant is guilty and your verdict should be so recorded. If it is not within twenty feet of that point, the defendant is not guilty."

The answers to the requests of the commonwealth for instructions are also without error. The court is not to be blamed for failing to understand the first, and the second and the answer thereto practically raised the entire issue in the case. The request was "that, if the jury believe that the defendant placed his fence on or in part of the public road leading from the northwest corner of Sadsbury township to public road known as plank road—the road in question in this case—laid out and confirmed by the court, he would be guilty as indicted," and the answer, "This point is refused. It is the road as actually opened on the ground that is to be obstructed and not the one laid out on paper by the court." The various specifications of error in some form spring from this one question and, inasmuch as it has been clearly settled by an unvarying series of decisions from the beginning of the administration of our present road law in 1836 down to the present time, from Holden v. Cole, supra, to Com. v. Dicken, 145 Pa. 453, there is scarcely room for contention in regard to it.

Judgment affirmed.