## Commonwealth, Appellant, v. Plymouth Township.

*Road law—Time to fix width of road—Acts of April 6, 1802 and June 13, 1836.*

Under the Act of April 6, 1802, 3 Sm. L. 512, the court had power to fix the width of the road after the confirmation nisi of the report of the viewers. The law is different under the Act of June 12, 1836, P. L. 551.

Argued Jan. 10, 1900. Appeal, No. 49, Jan. T., 1899, by plaintiff, from judgment of Q. S. Luzerne Co., Sept. Sess. 1899, No. 771, on verdict of not guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by BEAVER, J.

Indictment for nuisance, to wit: two dwelling houses, a weaving house and a fence maintained in a public highway, in the town of West Nanticoke, Plymouth township, Luzerne county. Before WOODWARD, P. J.

The facts sufficiently appear in the opinion of the court.

The court below charged the jury in part as follows:

Now, the road is only twenty-six or twenty-seven feet wide at this point as it now stands. We say to you that a roadway does not consist simply of a track which the wheels make, but

a roadway consists of the open space which has been intentionally left for public use.

Verdict of not guilty, county to pay costs, and judgment thereon. Plaintiff appealed.

*Errors assigned* were (1, 2) the affirmation of defendant's second and third points, which points are given in the opinion of the court.

*D. L. Creveling* and *Rush Trescott*, assistant district attorney, with them *Thomas R. Martin*, district attorney, and *J. Q. Creveling*, for appellant.—The proceedings in this case were under the act of 1802, and not under the act of 1836, and the width of the road was properly fixed by the court. Omission to fix the width of the road at the time of confirmation, even under the act of 1836, does not invalidate the proceedings: Clowe's Road, 2 Grant, 129; Hunter's Private Road; 46 Pa. 250.

The public are entitled to the use of the whole highway, and are not confined to the parts which may be metaled or kept in order for the more convenient use of carriages and passengers: Com. v. Wilkenson, 33 Mass. 175; Reg. v. Un. King. Tel. Co., 3 F. & F. 73; Rex v. Wright, 3 Bar. & Ad. 681; Ide v. Township, 191 Pa. 182; Com. v. McNaugher, 131 Pa. 55.

Anything which obstructs a road which has once been opened is a nuisance, and may be abated either by the public officers or any private citizen: McMurtrie v. Stewart, 21 Pa. 322.

*William S. McLean*, with him *D. B. Reese* and *E. F. McGovern*, for appellee.—The width of the road must be fixed at the time of the approval of the report, and the omission so to do is fatal to the proceedings: Road in Montrose, 4 W. & S. 39; Road in Norriton, 4 Pa. 337; Shaefferstown Road, 5 Pa. 515; Road to Ewing's Mills, 32 Pa. 282; Road in Township of Lackawanna, 112 Pa. 212; Road in Hempfield Township, 122 Pa. 439; Charleston Road, 2 Grant, 467; Road in Silverlake, 3 W. & S. 559; Road in Pitt Twp., 1 Pa. 356.

The acts of 1802 and 1836 contain practically the same provision in this regard, and the reasons given by the Supreme Court in interpreting the act of 1836 apply with equal force to the act of 1802: Clowe's Road, 2 Grant, 129; Road in Whitemarsh, 5 Pa. 101; Middle Creek Road, 9 Pa. 69.

In this case the easement of the public cannot be broader than the user: Harlow v. Humiston, 6 Cow. 189; Davis v. Clinton, 58 Ia. 389; State v. Trask, 6 Vt. 355; Hinks v. Hinks, 46 Me. 423; Hart v. Trustees, 15 Ind. 226; Com. v. Jackson, 10 Pa. Superior Ct. 524.

OPINION BY BEAVER, J., March 21, 1900:

The defendant was indicted for establishing, maintaining and continuing a nuisance within the limits of a public highway, duly laid out and established and ordered by the court of quarter sessions to be opened. In the trial of the case, proceedings in the January sessions, 1830, of the quarter sessions of said county were given in evidence, in and by which it appeared that the report of viewers, laying out and returning for public use a road in said township, had been duly confirmed and ordered to be opened fifty feet wide, and an order issued in pursuance of the confirmation. It appeared from the record that the road was confirmed nisi at January sessions, 1830, and at April sessions confirmed absolutely and ordered to be opened fifty feet wide. It is not disputed that the road so confirmed and ordered to be opened is the road for maintaining a nuisance upon which the defendant was indicted. It was alleged on the part of the defendant, however, that, because it appeared by the record that the width of the road was not fixed at the time of confirmation nisi, the proceedings were fatally defective and that, in consequence thereof, no legal road had ever been laid out. The court below took this view of the case and affirmed thé following points presented by the defendant: "2. There being no lawfully laid out road at a width of fifty feet, the public is only entitled to that which it has acquired by prescription and long usage, namely, the right to use and occupy that part which it has used and occupied for twenty-one years and upwards, and no more. 3. If the evidence in this case shows that the houses and fence complained of are not upon the open and traveled part of the highway, as vested in the public by the right of prescription, there is no nuisance." The qualification in the answer to the latter point "as to what constitutes the traveled road, that it is not confined to the mere track of the wheels" does not affect the general proposition involved.

A score or more of cases has been or can be cited in sup-

port of the proposition that the omission to fix the width of the road at the time required by the statute is fatal to the proceedings, and that the time at which the width of the road is to be fixed is at the confirmation nisi, so as to give all parties interested an opportunity to file exceptions and be heard as to the width as well as to all other matters involved. In every such case, however, the question as to the validity of the confirmation was directly involved in an appeal from the order of final confirmation or a certiorari which brought up the record, and all have reference to the Act of June 13, 1836, P. L. 551.

The 1st section of the Act of April 6, 1802, 3 Sm. L. 512, requires that the viewers appointed to lay out a road "shall make report," etc., "to the next court of quarter sessions and, if then and there the justices of the said court shall approve of the same, it shall, at the court next after that to which the report is made, be entered of record and thenceforth shall be deemed, taken and allowed, as the case may be, to be a lawful public or private road or highway. The court shall direct of what breadth the road shall be opened, which shall not in any case exceed fifty feet."

The road or highway, upon which the commonwealth claimed a nuisance was maintained, was laid out under the provisions of this act, and the decree of the court in reference to the opening of the same is as follows: "And now, to wit: January sessions, 1830, road confirmed nisi; and now, to wit: April sessions, confirmed absolutely and ordered to be opened fifty feet wide. Order issued." This order was in accordance with the provisions of the act of assembly then in force. The subsequent road law of June 13, 1836, P. L. 551, provided in its 4th section: "If the court shall approve of the report of the viewers allowing the road, they shall direct of what breadth the road so approved shall be opened, and at the next court thereafter the whole proceedings shall be entered on record, and thenceforth such road shall be taken, deemed and allowed to be a lawful public road or highway, or private road, as the case may be." This act distinctly provides that the direction as to breadth shall be made before the confirmation, which shall not take place until the next court after the breadth has been fixed, and it is in reference to this provision that the numerous cases as to the fixing of the width, which have been

cited, refer. It is evident that in Luzerne county there was no change in the practice for several years after the passage of the act of 1836 ; and, in view of that fact and of the decision in Road Case, 3 W. & S. 559 (July, 1842), the Act of April 11,. 1868, P. L. 824, was passed. The proceedings to open the road in question having been finished before the passage of the act of 1836, and having been conducted and the decree of the court made in exact accordance with the provisions of the act of 1802, we do not see that it is necessary to appeal to the provisions of the curative act of 1868, supra, even if they apply. The proceedings when had were in all respects regular under the law as then in force and, as a consequence, the public were entitled to use a road fifty feet wide, if it was so opened by the supervisors. It follows that both assignments of error must be sustained. We confine our decision to the points distinctly raised by the two assignments of error.

Judgment reversed and a new venire awarded.