## Commonwealth, Appellant, v. Plymouth Township.

*Road law—Location of road—Fence.*

A road as opened by the supervisors in pursuance of a view and not that returned by the viewers, constitutes a public road and is to govern in determining whether or not a fence complained of as an obstruction, is within its limits. If there is any conflict between the center line as located by the supervisors and the center line as returned by the viewers, the line as located by the supervisors upon the ground, must govern.

On the trial of an indictment for a nuisance in maintaining a fence within the lines of a public road, the court cannot affirmatively answer a point as follows: " Where a road passes between fences, or other lines well defined and long established, the space between these lines, unless the contrary be shown, will constitute the road."

Argued Jan. 13, 1902. Appeal, No. 22, Jan. T., 1902, by plaintiff, from judgment of Q. S. Luzerne Co., Sept. T., 1899, No. 771, on verdict of not guilty, in case of Commonwealth v. Plymouth Township. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for maintaining a nuisance in a public road. Before FERRIS, J.

The indictment charged that the defendant obstructed Harvey's Creek road by maintaining therein a post and wire fence and certain dwelling houses particularly described. The record showed that the road was laid out in pursuance of an order made in 1830 confirming a report of viewers. The evidence as to where the road was originally opened by the supervisors was conflicting.

Defendant presented the following point:

The defendant could not be convicted if the fence and houses in question are not within twenty-five feet from the center of the generally traveled track as it was originally opened by the supervisors. *Answer:* That point, gentlemen, we affirm. [1]

The commonwealth presented the following points:

2. Where a road passes between fences or other lines well defined and long established, the space between these lines, unless the contrary be shown, will constitute the road, although the whole space may not have been kept in repair, and the public are entitled to the use of the whole as a highway, and are not confined to the parts traveled over by carriages or other vehicles. *Answer:* The second point is not affirmed as it is stated. It involves two propositions, one of which we think is correct, and the other of which we think is incorrect, but which has been sufficiently referred to in our general charge. We do not read the point because we do not affirm it.

3. If the jury find that before the obstructions complained of were built there was an open space between the fence in front of the Harvey property and the creek, about fifty feet in width, the easterly edge of this space being bounded by Harvey's creek and the westerly side by Harvey's fence, through which the road in question has run beyond the memory of any of the witnesses, a period of over forty years before the obstructions were built, and that as so run the township supervisors have repaired and kept it in order, unless the contrary were shown, the location of the road as selected by the supervisors pursuant to the order to open, will be presumed to have been made upon this open space *Answer:* The third point in effect asks the court to direct the jury to draw a certain conclusion of fact from certain facts if proved. To determine what facts are proved, where as in this case, the evidence as to those facts is conflicting, and to say what other facts are to be inferred from them, it is then within the exclusive province of the jury. The point is therefore refused, and not read. [3]

4. If you find that for a period of sixty years a fence has stood on the westerly side of this highway substantially on the location of the present fence in front of the property of Harvey brothers, and the public authorities during such period have maintained a roadway in the open space between that

fence and the creek, the public are now entitled to have this whole space opened and kept free from obstructions. *Answer:* The fourth and fifth points are also refused and not read. [4]

Verdict of not guilty. The court sentenced the prosecutor to pay the costs.

*Errors assigned* were (1, 4) above instructions, quoting them.

*J. Q. Creveling,* with him *B. R. Jones,* district attorney, *John H. Williams,* assistant district attorney, and *D. L. Creveling,* for appellant.—In the case of an ordinary highway running between fences, the right of way or passage is prima facie, and unless there is no evidence to the contrary, extends the whole space between the fences. And the public are entitled to the use of the whole of it as the highway, and are not confined to the parts which may be metalled or kept in order for the more convenient use of carriages and passengers : Reg. v. United Kingdom Tel. Co., 31 J. M. C. 166 ; Rex v. Wright, 3 B. & Ad. 681 ; Ide v. Township, 191 Pa. 182 ; Com. v. Mc-Naugher, 131 Pa. 55 ; Schlag v. Jones, 131 Pa. 62 : Fletcher v. Fuller, 120 U. S. 534 ; 7 Supr. Co. Repr. 667 ; Carter v. Tinicum Fishing Co., 77 Pa. 310 ; Garrett v. Jackson, 20 Pa. 331 ; Ralston v. Groff, 55 Pa. 276.

*William S. McLean,* with him *P. W. McKeown,* for appellee.

OPINION BY BEAVER, J., February 14, 1902 :

When this case was before us previously (13 Pa. Superior Ct. 209) we decided that the order of the court fixing the width thereof in the final order to open having been made under the Act of April 6, 1802, 3 Sm. L. 512, instead of under the Act of June 13, 1836, P. L. 551, " The proceedings when had were in all respects regular under the law as then in force and, as a consequence, the public were entitled to use a road fifty feet wide, if it was so opened by the supervisors." The question on the retrial, therefore, was, was the road so opened by the supervisors, and, if so, where? In Com. v. Jackson, 10 Pa. Superior Ct. 524, we held, following numerous decisions therein cited, that the road, as opened by the supervisors in pursuance of the view and not that returned by the viewers, constituted the public

road and was to govern in determining whether or not a fence complained of as an obstruction was within its limits. The court below, in its general charge, very clearly and correctly stated the law in this behalf: "The road, as fixed by the court, is, so far as designation of it on paper is concerned, twenty-five feet on each side of the center line of the road as returned by the viewers. The actual highway, however, is twenty-five feet on each side of the center of the road, as actually located upon the ground by the supervisors, in pursuance of the order of the court. If there is any conflict between the center line, as located by the supervisors and the center line as returnd by the viewers, the line as located by the supervisors upon the ground would govern. The highway then would be the strip of land lying twenty-five feet on each side of the center line, as so located on the ground by the supervisors." This is the equivalent of the affirmance of the defendant's first point which is assigned for error.

The remaining specifications of error relate to the answers of the court to the commonwealth's points. The proposition contained in the commonwealth's second point, "Where a road passes between fences or other lines well defined and long established, the space between these lines, unless the contrary be shown, will constitute the road," is incorrect and could not have been properly answered affirmatively. It begs the very question involved and would have limited the road in the present case to the space between Harvey's fence on the one side and that of the defendant on the other and is directly contrary to the general proposition laid down by the court and to all authority upon the subject.

All the remaining points of the commonwealth were based upon the assumption that the so-called Harvey fence on the westerly side of the road constituted the boundary of the road on that side, but this was strenuously denied and the testimony of at least six witnesses was directly to the contrary. None of these points could have been answered in the affirmative, without calling the special attention of the jury to the fact that the facts assumed were disputed and constituted the main contention in the case, coupled with a restatement of the law, as laid down in the general charge. There was no error, therefore, in refusing to answer these points affirmatively.

The only question in the case was one of fact, namely, where was the road as originally opened by the supervisors? As to this there was conflicting testimony. It was submitted to the jury under proper instructions, as we have shown, and with the verdict we cannot interfere.

Judgment affirmed.