## Marshall *v.* Pennsylvania Company, Appellant.

*Equity—Jurisdiction—Remedy at law—Railroads—Right of way—Adverse possession.*

1. Where rights which are legal are asserted on one side, and denied on the other, the remedy is at law and cannot be settled in equity forms.

2. A bill in equity will be dismissed for want of equitable jurisdiction where the plaintiff claims title by adverse possession to a slope of land not inclosed and not cultivated, adjoining the tracks of a railroad, and the defendant railroad claims that the land was taken under its charter powers, and that the slope was a part of its right of way and necessary for the protection of its roadbed.

3. Where the charter of a railroad company authorizes the company to take land to the extent of a certain width named, the courts will presume that the full width authorized by the charter was appropriated in the absence of evidence, tending to show a limitation to a less amount.

Argued May 11, 1910.  Appeal, No. 10, April T., 1911, by defendant, from decree of C. P. Beaver Co., March T., 1910, No. 6, on bill in equity in case of Asenath J. Marshall v. Pennsylvania Company, Lessee of and Operating the Pittsburg, Fort Wayne & Chicago Railway.  Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity for an injunction.  Before HOLT, P. J. The opinion of the Superior Court states the case.

*Error assigned* was decree continuing injunction.

*W. A. McConnel,* for appellant.—Equity had no jurisdiction: O'Neil v. McKeesport, 201 Pa. 386; Washburn's App., 105 Pa. 480; Delaware, etc., R. R. Co. v. Newton Coal Mining Co., 137 Pa. 314; Rhea v. Forsyth, 37 Pa. 503; Mammoth Vein Consol. Coal Co.'s App., 54 Pa. 183.

*J. F. Reed,* for appellee, cited: Zahn v. Ry. Co., 184 Pa. 66; Jarden v. Philadelphia, etc., R. R. Co., 3 Whart. 502; Miller v. Lynch, 149 Pa. 460; Edgett v. Douglass, 144 Pa. 95; Manbeck v. Jones, 190 Pa. 171; Richmond v. Bennett, 205 Pa. 470.

OPINION BY HENDERSON, J., July 20, 1910:

This controversy arises out of a dispute in regard to the location of the defendant's right of way. This right of way was acquired by grants to the Ohio & Pennsylvania Railroad Company under which corporation the defendant claims. The location of the line of the original company was adopted in 1850. The grants did not specify the width of the right of way, but as the charter of the company authorized it to take land to the extent of sixty-six feet in width except at cuts and fills we may presume that the full width authorized by the charter was appropriated in the absence of evidence tending to show a limitation to a less amount: Jones v. R. R. Co., 144 Pa. 629. The plaintiff acquired title long after the location of the right of way and her deed calls for the railroad as the western boundary. The question is one of title, therefore, and there is a lack of equitable jurisdiction for the plaintiff's title is denied in the bill and this denial is supported by evidence. It is true that there are no marks of the outside lines of the land originally appropriated, but the notes of survey and the map of the original location were proved and are relevant evidence bearing on the subject of the extent of the appropriation. It is peculiarly within the power of a railroad company to establish the true location of its lines. They are not required to record the location, but generally surveys are adopted which define them with reasonable accuracy. The learned trial judge was of the opinion that the plaintiff had been in open, hostile, peaceable and notorious possession of the slope for more than fifty years to the extended line of a stone wall on the east side of the track. If by that it was meant that the plaintiff had acquired adverse possession to that line we think

the evidence is not of such a clear and definite character as to give jurisdiction in equity. The slope was not inclosed and not cultivated and according to the evidence of the defendant was not susceptible of cultivation and a fence had existed for a long time at the top of the slope inclosing the level ground included in the plaintiff's lot. If the defendant's right of way extended up the slope which formed the bank at the base of which the tracks were built it may well be doubted whether the use or occupancy testified to by the plaintiff would give title by adverse possession. The use of the slope for the protection of the roadbed was such an occupancy as was consistent with the enjoyment of the right of way and it does not follow because there were no tracks or buildings thereon that no part of it was occupied by the company. The location of the defendant's right of way, the question of possession of the slope and of the alleged abandonment of a part of its right of way by the defendant were disputed questions of fact under the evidence and the case is therefore brought within the rule set forth in Rhea v. Forsyth, 37 Pa. 503; Washburn's Appeal, 105 Pa. 480; O'Neil v. McKeesport, 201 Pa. 386, and many other cases which hold that where rights which are legal are asserted on one side and denied on the other the remedy is at law and cannot be settled in equity forms. Some exceptions exist where the facts are admitted or the right is undoubted, but the plaintiff's case is not one of that kind. When the right is established at law equity may give adequate protection in the enjoyment of the right, but it is not the means of establishing it. There is no such emergency disclosed by the testimony as is necessary to move a chancellor to stay the hand of the defendant and any wrong which can be shown may be redressed by an action of ejectment or trespass.

The decree is reversed and the injunction dissolved at the costs of the appellee.