## Boyd, Appellant, *v.* Miller.

*Equity—Equity practice—Findings by trial judge—Evidence—Review.*

On a bill in equity to restrain the defendant from trespassing over a narrow strip of land which the plaintiff claims to own, but which the defendant avers is a portion of a public road, the trial judge's finding

that the strip was a portion of a public road will not be reversed if there is no manifest error, and the finding is based upon sufficient evidence.

Argued March 3, 1914. Appeal, No. 17, Jan. T., 1914, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1912, No. 2, dismissing bill in equity in case of Ira Boyd et al. v. William F. Miller. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Bill in equity for an injunction. Before STRAUSS, J. The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*J. Q. Creveling*, for appellants.

*G. J. Clark*, for appellee.

OPINION BY TREXLER, J., July 15, 1914:

Plaintiffs brought a bill in equity to restrain the defendant from trespassing over a narrow strip of land which they claimed to own and which strip defendant must cross if he wishes to have access to a public road.

The question in the case is, does this narrow strip of land belong to the plaintiffs, with the right of possession, or is it embraced within the lines of the public road? The court found the strip was included in the road and dismissed the bill.

There are nineteen assignments of error. They need not be considered separately. We need only determine whether the court properly ascertained the location of the road.

The court found that the center line of the road as reported by the viewers in 1852 was one rod from the township line; that there was no physical reason why the road should not have been opened with its center on a straight line and parallel with the township line;

that the road as originally laid out is marked on the ground by fence lines and that the cartway gives no evidence of any considerable amount of work having been done upon it and consists of little more than ruts made by wagons passing over virgin soil and that there never was a strip of land left between the road as laid out and the township line and no evidence that any portion of the land between the township line and the cartway was ever inclosed, or adversely used by the plaintiffs.

From the facts as above found and others that appear in the case, the learned court was convinced that the supervisors, when they laid out the road, followed the center line as established by the viewers paralleling and distant one rod from the township line. Having found that the strip in dispute was included within the boundaries of the road as originally opened, and there being enough evidence in the case to sustain this finding the decision of the court in favor of the defendant should not be disturbed: Com. v. Jackson, 10 Pa. Superior Ct. 524; Com. v. Plymouth Twp., 19 Pa. Superior Ct. 408; Furniss v. Furniss, 29 Pa. 15.

Judgment affirmed.