# Helb, Appellant, *v.* Hake.

*Equity—Master's findings of fact—Partnership—Compensation of partner for services—Appeals.*

On a bill in equity by one partner against another for an account where the defendant claims compensation for his services as partner based upon an alleged verbal agreement, a master's finding that no such agreement existed, will not be set aside where such finding is based on sufficient, although contradicted, evidence, and is not clearly and palpably against the weight of the testimony.

Argued May 19, 1902. Appeal, No. 331, Jan. T., 1901, by plaintiff, from decree of C. P. York Co., Oct. T., 1892, No. 1, on bill in equity, in case of Frederick Helb v. Frederick A. Hake. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Reversed.

Bill in equity by one partner against another for an account. Before BITTENGER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*J. S. Black*, for appellant.

*N. M. Wanner*, for appellee.

OPINION BY MR. JUSTICE POTTER, October 13, 1902:

This bill was filed for the settlement of accounts between partners.

The case was referred to a master, and among other claims presented by the defendant was one item for labor in woods, five and a half years, $1,100 and another for stationery, traveling expenses, and office work, six years, $600.

The master refused to allow these claims, but upon exceptions filed to his report, and upon hearing, the court below reversed the finding of the master in this respect, and allowed the defendant the amount claimed by him for these items, aggregating $1,700.

This allowance by the court is the only cause for this appeal, and presents the single question raised by the assignments of error. It is clear that the defendant was not entitled to compensation for his services as a partner, unless there was an express contract to that effect. The defendant alleged a verbal agreement by which he was to be allowed the amount claimed. He was corroborated to a certain extent by one witness. On the other hand, plaintiff flatly denied making any such agreement, and another witness whom the defendant said was present at the time, testified that he had no recollection of the conversation in question. The determination of the question turned therefore upon the credibility of the witnesses. The master before whom they appeared refused to believe the defendant and his witness, and says in his report, "The defendant himself has made so many contradictory statements that but little dependence can be placed upon his testimony."

We cannot agree with the court below that "the great weight of the testimony is in favor of the defendant upon these

disputed items of claim." Our examination of the testimony inclines us to the view that the finding of the master is supported by the preponderance of the evidence. It seems to be a case for the proper application of the general rule that a master's finding upon a question of fact is entitled to the same consideration as the verdict of a jury, and is not to be set aside, unless it is clearly and palpably against the weight of the testimony. Upon the evidence as a whole we sustain the finding of the master.

The decree of the court below is therefore modified to the extent of striking off the sum of $1,700, allowed to the defendant as additional compensation for services ; leaving the balance due defendant to stand at $240.89, the costs of this appeal to be borne in equal parts by the plaintiff and defendant, and the disposition of previous costs to remain undisturbed, as fixed by the court below.