## Penn Cigar Company v. Friedberg and Sloan.

*Equity—Findings of fact—Appeals.*

Findings of fact by an auditor or master based on sufficient evidence and approved by the court below, have the effect of the verdict of jury and will not be set aside, except for manifest error. The only duty of the appellate court is to examine the testimony to see whether there was sufficient evidence in the case to support the findings, and where there is such evidence, the decree will not be disturbed.

Findings of fact by an auditor surcharging a defendant, who had been required to account to a corporation for money and property of the corporation unlawfully retained by him, and which are

confirmed by the court below, will not be disturbed on appeal where there is evidence to support such findings.

Argued May 4, 1920.   Appeal, No. 35, April T., 1920, by defendant, Friedberg, from decree of C. P. Allegheny County, April T., 1915, No. 327, sitting in equity in the case of The Penn Cigar Company, a corporation, by J. M. Harring, President;  Frank Rubenstein, Trading as Crystal Leaf Tobacco Company;  Joseph Wasser, J. Segal, D. Laderman and J. Schalter, Partners Trading under the Name of Webster Stogie Company, and Max Enelow, in Their Own Behalf, and in Behalf of Other Stockholders of the Cuban American Cigar Company Who May Wish to Join Herein, v. Abe Friedberg and Jacob Sloan.  Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Bill in equity for a discovery and an accounting.  Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to A. C. Robertson, Esq., as auditor, who surcharged the defendant.

On exceptions to the auditor's report, the court dismissed the exceptions and entered the following decree:

Now, to wit, the 18th day of June, 1919, this cause having come on to be heard, and having been argued by counsel, upon consideration thereof, it is ordered, adjudged and decreed as follows, to wit: That Abe Friedberg account to and pay over to the Cuban-American Cigar Company, now in the hands of the South Side Trust Company, receiver, the sum of $750.81, and that the said Abe Friedberg pay the costs accrued in this case.

*Error assigned* was in dismissing exceptions and the final decree of the court.

*Charles H. Sachs,* of *Sachs and Caplan,* for appellant.

*Robert E. Anderson,* and with him *John A. Blair,* for appellee.

OPINION BY KELLER, J., July 14, 1920:

The plaintiffs, as stockholders of the Cuban American Cigar Company, a corporation, filed a bill in equity against the defendants, praying for a discovery and accounting of certain insurance and salvage moneys which had come into their hands as treasurer and president of said corporation, respectively, following the destruction by fire of the company's plant, and which, it was alleged, they had failed to pay or account for to the corporation.

The defendants made separate answers and subsequently, pursuant to a decree of the court, filed separate accounts. Exceptions were filed to Friedberg's account, which were referred to an auditor to take testimony, pass upon exceptions and report his findings to the court. The results of his labors were embodied in a report and supplemental report, wherein he surcharged Friedberg with $487 improperly paid by him as treasurer to A. Friedberg & Brother, of which firm he was a member, and $93.62, the balance due on the value of certain salvaged tobacco retained by his firm, together with accrued interest, $144.82. Exceptions to the report were dismissed by the court and a decree was entered in accordance therewith, ordering Friedberg to pay to the South Side Trust Company, receiver of the corporation, appointed since the filing of the bill, the sum of $750.81, from which Friedberg appeals.

The appellant claims that the check for $487 was given to A. Friedberg & Brother on account of an indebtedness of Sloan, the president, to that firm and that it was to be credited on an account due by the Cuban American Cigar Company to Sloan, and was thus, in effect, part payment of a debt owing by the corporation to Sloan, and properly made as against the plaintiffs in the suit who are only stockholders. The trouble with his contention is that Sloan denied that he owed A. Friedberg

& Brother any money, or that the check had been given for his account, and the auditor found that at the time it was given the corporation owed no money to Sloan.

The findings of fact of an auditor or master, based on sufficient evidence and approved by the court below, have the effect of the verdict of a jury, and will not be set aside except for manifest error: Steinmeyer v. Siebert, 190 Pa. 471; Helb v. Hake, 203 Pa. 626; Wolf v. Christman, 202 Pa. 475. Our only duty is to examine the testimony and see whether there was sufficient evidence in the case to support the findings: Boyd v. Miller, 57 Pa. Superior Ct. 325; Dilworth v. Kennedy, 201 Pa. 389. This we have carefully done and are satisfied that there was sufficient evidence to support the findings and decree complained of. No useful purpose would be subserved by further discussion of the facts in issue. It is proper to note, however, that the receiver of the corporation, which is now the real appellee in interest, was not made a party to the appeal. The appeal might properly have been quashed on that ground.

The assignments of error are overruled and the decree is affirmed at the costs of the appellant.