## Weigel *against* Weigel.

Proof of the signature of testator to a will by two witnesses, is *prima facie* evidence of its execution, although the body of it be not in the handwriting of the testator.

ERROR to *Westmoreland* county.

Jacob Weigel against Catherine Weigel. Issue, *devisavit vel non*, to try the validity of a paper dated the 14th of May 1835, purporting to be the last will and testament of Daniel Weigel, deceased.

The plaintiff, to maintain the issue on his part, offered to prove by two witnesses, that the name of "Daniel Weigel" affixed to the paper, purporting to be his will, was the proper handwriting of the said Daniel Weigel. This evidence the defendant objected to, because the body of the paper was not in the handwriting of the alleged testator.

The court sustained the objection, and a verdict was rendered for the defendant.

*Nichols,* for plaintiff in error, cited the act of the 8th of April 1833. 1 *Park. & Johns. Dig.* 466.

*Coulter,* for defendant in error.

PER CURIAM.—The signature of a party is *prima facie* evidence of execution; and though it is less forcible than if the body of the instrument were also in his handwriting, the difference is but in the degree. A man may be more readily entrapped where he did not write the paper, for it is less certain that he knew its contents; yet the legal presumption, till rebutted, is in favour of fairness; and it coincides in this instance, with the presumption which the law deduces from the ordinary routine of business in the course of affairs. Though the alleged will was not in the handwriting of the testator, his signature was at least evidence to go to the jury.

Judgment reversed, and a *venire de novo* awarded.