Ligo et al. *v.* Dodson et al., Appellants.

Argued May 13, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. H. Akens,* for appellants.—A testator is presumed to know the contents of a will executed by him in the presence of witnesses, although it is not read at the time: Linton's App., 104 Pa. 228; Dickinson v. Dickinson, 61 Pa. 401; Vernon v. Kirk, 30 Pa. 218; White's Est., 262 Pa. 356.

The fact that the body of the will is in the decedent's own handwriting affords no presumption that he signed the will.

There is some space between obeying the demand of a fixed habit in writing and obeying the demand of a moral obligation, and the promise of Mrs. Dean to her husband, in respect to the final destination of that part of the husband's property passing to her under the intestate laws, is more even than a moral obligation: Church v. Ruland, 64 Pa. 432; Hoge v. Hoge, 1 Watts 163; McKee v. Jones, 6 Pa. 425; Parker v. Urie's Exrs., 21 Pa. 305, 309; Pringle v. Pringle, 59 Pa. 281, 287; Cameron v. Townsend, 206 Pa. 393, 404.

*W. Walter Braham,* with him *Wylie McCaslin* and *James W. Rhodes,* for appellees.—There is a presumption that where the signature of a person is attached to a paper testamentary in character that the signature was placed there after the writing preceding the signature was completed and that the person writing the same was aware of the contents: Frew v. Clark, 80 Pa.

170; Sharpless's Est., 134 Pa. 250; Vernon v. Kirk, 30 Pa. 218; Ginder v. Farnum, 10 Pa. 98.

The proponents' evidence as to signature was sufficient to carry the case to the jury and justify the verdict that it was genuine.

Where there is a substantial dispute on the facts testified to by eminently credible witnesses, the trial judge is not warranted in disturbing the verdict: Rowand v. Finney, 96 Pa. 192; Tetlow's Est., 269 Pa. 486; Com. Trust Co. v. DuBruille, 243 Pa. 292; Sharpless's Est., 134 Pa. 250; Butts v. Armour, 164 Pa. 73; Kustus v. Hager, 269 Pa. 103.

Standards of handwriting are admissible in evidence for purposes of comparison only in corroboration of other testimony: Travis v. Brown, 43 Pa. 9.

OPINION BY MR. JUSTICE FRAZER, June 21, 1930:

Mrs. Nellie M. Dean, an elderly woman, widow and childless, died suddenly on the night of January 17, 1928, at her home in the City of New Castle, from heart disease. She had previously been in general good health and the heart trouble did not assume an acute form until a short time before her death. Her mental powers were strong; she had long been active and successful in the management of business and financial affairs attendant upon her estate, valued at approximately $300,000, left by her husband, who died intestate. On the day of her decease a will, the existence of which had not been known to any one, according to the evidence in the present litigation, was found in a small satchel placed in a clothes press in her room. The paper was entirely in writing, comprised four paragraphs, on a single sheet of paper, was dated December 5, 1927, and signed at the end thereof, "Nellie M. Dean." By its provisions her estate was bequeathed to numerous intimate friends and companions, none of whom included her next of kin. The paper was admitted to probate. Subsequently the heirs appealed to the orphans' court from the decision of

the register, filing their declaration, in which they alleged that neither the signature on the paper, nor the words constituting the date, nor the body of the will itself, were in the handwriting of Mrs. Dean, and that the paper was not intended by decedent to be her last will and testament. An issue devisavit vel non was granted wherein Jane Ligo and others mentioned in the will are named as plaintiffs and appellants as defendants. Previous to the trial on the issue, it was agreed by the parties that the deciding question to be submitted to the jury was whether or not the paper, dated December 5, 1927, was signed at its end by Nellie M. Dean, as and for her last will and testament. The jury returned a verdict for plaintiffs, finding the signature to be genuine. Defendants' request for binding instructions and motions for judgment n. o. v. and for a new trial were refused. Defendants appealed.

The handwriting in the body of the will was disputed, but not established at the trial, and counsel for plaintiffs in their printed brief say: "It is true that plaintiffs were unable to and did not offer witnesses capable of expressing an opinion as to the handwriting in the body of the will." This phase of the case figured, however, prominently at the trial, and the presiding judge, to clearly inform the jury what bearing their finding as to the handwriting in the will itself might have upon their conclusion as to the authenticity of the signature, carefully and properly instructed them as follows: "The plaintiffs produce testimony only as to the signature; no one has come into court here and testified that in their opinion Mrs. Dean wrote the body of this will. Now, it is not necessary that she did write the body of it, if, after that was written, she signed it as and for her last will and testament; so that, in the last analysis, the signature must be controlling......
If you would find that this was her signature, and that she actually signed it, even if you do not think that she wrote it, [the body of the will], you would be warranted

in finding that it was her will; that is, if she signed it after the writing was put on." The learned court was here adhering to the legal principles established long ago, as expressed in Dawson's Est., 277 Pa. 168, 171: "Forms of wills are immaterial; subscribing witnesses are not vitally essential; signature at the end and due proof of signature......by two witnesses is all that our statute requires"; and in Weigel v. Weigel, 5 Watts 486, we said: "The signature of a party is prima facie evidence of execution; and though it is less forcible than if the body of the instrument were also in his handwriting, the difference is but in the degree."

The paper in question here was certainly testamentary in form and met the legal requirements necessary to constitute a valid will, save the signatures of subscribing witnesses. But under the lack of these, the statutory requirements of two or more witnesses may be supplied by circumstantial proof (McClure v. Redman, 263 Pa. 405; Hays v. Harden, 6 Pa. 409) ; and naturally the most that could be expected of such witnesses, both expert and nonexpert, was the expression of opinion to the effect that the signature at the end of the will was in decedent's own handwriting; their competency to so testify had first to be established, which was a matter for determination of the court. The testimony in the present case is voluminous; many witnesses on both sides testified for and against the genuineness of the signature, and a large number of standards of the handwriting of Mrs. Dean were introduced, of which the plaintiffs exhibited 105 and defendants thirty. To this feature of the case, the court carefully called attention of the jury and in further instructions said: "All these standards of handwriting therefore are admitted to be the true writing of Mrs. Dean, and you will have these with you in the jury room. You will take them and make your own comparisons, using the evidence that you have received from the witnesses here as to whether or not the signature is the genuine signature of Nellie

M. Dean, and whether or not she signed this as and for her last will and testament at the end thereof." We have examined attentively much of this testimony and many of the exhibits, and are impressed, as the jury must also have been, by the number and standing of the witnesses who, properly qualified, testified, from their long familiarity with the handwriting of Mrs. Dean, that the signature on her will was genuine. Among them were cashiers and other bank officials, experienced in detecting spurious writing, who had seen her write checks and make deposits by check; her nurse and numerous intimate friends and companions; and a weighty characteristic of their testimony was the positive nature of their opinions that the signature was written by the hand of Mrs. Dean. It may be noted here that even before the writing was admitted to probate, it was submitted to careful scrutiny. The executor named in the document submitted it to the examination of Mrs. Dean's banker and her attorney, who pronounced the signature genuine. In our opinion the evidence produced by appellants to buttress their contention that the signature in question was not that of testatrix is overwhelmed by the preponderant value and conclusiveness of that presented by plaintiffs, granting, as we do, the apparent sincerity of the witnesses of the former, and noting, on the other hand, the emphatically expressed conclusions, as to the authenticity of the signature, of the witnesses of the plaintiffs. We are confirmed in this observation by the words of the learned court in banc, when they say in their opinion refusing the motion for a new trial: "We are personally acquainted with all of these witnesses. We have no reason to doubt the honesty and sincerity of any of them and we can see no legal reason why we should say that a verdict based upon their testimony should not stand."

The conflict of evidence relative to the genuineness of the signature was a matter for the jury, and over and over again the trial judge impressed this principle upon

their minds, instructing them that the burden was upon plaintiffs to establish their case by the fair weight or preponderance of the evidence: "that is, the burden is upon them to satisfy you by the weight or preponderance of the evidence that this writing here was signed by Nellie M. Dean at the end of it, as and for her last will and testament." The court below declared it could find no legal reason for setting aside the verdict, and having given the record of the case close attention, we also can discover no reason why we should disturb it. As was said in Sharpless's Est., 134 Pa. 250, 261, "So much depends on the means of knowledge, the interest or bias, the manner, the character, and the personal weight which each witness carried as individuals among his neighbors and in the community, that a jury is the only appropriate tribunal......, to determine which way the balance inclines."

The case before us is not without recognized difficulties, but unless we should find from the record before us that there is sufficient reliable evidence to clearly convince us that the verdict of the jury was wrong, we would be without justification to question it. We do not find such evidence, and the jury,—seeing and hearing all witnesses, many of whom, living in a comparatively small community, were known to them, noting their manner on the witness stand, their material interest or lack of such interest in the case,—were in a better position than we are to reach a just verdict. The jury found as a fact that the signature was genuine and the court below decides that the evidence sustains the verdict. "A court of first instance is always in a better position than a reviewing tribunal to pass upon the elements of fact entering into cases of this character, and on appeal its judgment thereon is entitled to the utmost consideration": Phillips' Est., 244 Pa. 35, 47.

As to charges by defendants of fraud and undue influence practiced on decedent, we think it is sufficient to say that we find nowhere in the record evidence that sup-

ports in the slightest degree the allegation of unlawful practices. The jury found as a fact that the signature to the will is genuine; whether they also found that the body of the instrument was written by Mrs. Dean is immaterial. There was no evidence showing that she did not know the contents of the will, and the signature being genuine and in the proper place, that fact, as has often been said by this court, raises the legal presumption that she knew its contents. The record also provides sufficient proof that she had in mind an intention to make a will. On several occasions she expressed her intention "to provide" for one or more of her friends, and some days after the date of the writing here in question, she said: "My condition, I do not think it is as critical as the doctor tries to make me believe it is; but at any rate, if we do not get back, either of us, I have my affairs fixed so that there will be no trouble. It may not suit all of you but I made them to suit myself." Why she kept the making of the will a secret to herself was not shown. She was estranged from some of her nearest relatives and kept aloof from others, and, having provided for none of them in the distribution of her estate, she may have been silent about the matter to avoid unpleasant criticisms. Whatever her reasons may have been, they were her own. The sole issue before the jury, as agreed upon by the parties, was as to whether the signature to the document found after her death was written by her or not. The jury found in the affirmative; the court below concluded that the verdict was sustained by the evidence, and with that judgment we agree.

Appellants assign three specifications of error; the first, directed against the judgment of the court below, is disposed of by the foregoing opinion, and the remaining two, being without merit, need not be considered.

Judgment affirmed.