Masho's Estate.

Argued January 13, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Robert P. Shick,* with him *Howard Kirk,* for appellants.

*H. J. Makiver,* for appellee.

Per Curiam, February 2, 1931:

Peter Paul Masho died July 26, 1929, leaving a will in which he bequeathed his two sons, Frank and Nicholas, $1 each, and made Mrs. Julia Robinson, his stepdaughter and housekeeper, sole heir to the remainder of his estate. The two sons opposed probate of the will by caveat, which, after hearing, the register of wills dismissed and admitted the testament to probate. The sons appealed to the orphans' court and asked an issue d. v. n. to the court of common pleas, alleging testator's want of testamentary capacity and the existence of undue influence on part of Mrs. Robinson upon testator. The answer of proponent denied the allegations of the sons, and after hearing testimony, an issue devisavit vel non was refused and the appeal dismissed. The sons have appealed to this court.

Appellants have not seriously pressed testator's want of testamentary capacity, and rely mainly upon their contention of undue influence, which they allege Mrs. Robinson exerted upon testator to secure the making of the will in her favor.

We have frequently said that inasmuch as a court of first instance is in a better position than the reviewing tribunal to pass upon elements of fact such as are here presented, its judgment on appeal is entitled to great consideration: Ligo v. Dodson, 301 Pa. 124, 130. The court below, in a carefully considered opinion, reviewed the evidence in detail and found appellants' proofs failed to disclose evidence of undue influence on the part of Mrs. Robinson. We have examined the record and observe that the uncontradicted evidence of the subscribing witnesses to the will shows that testator was mentally sound and capable at the time the will was executed. Appellants, as the record discloses, were unable to show that Mrs. Robinson either stood in a confidential relation to testator or that she advised as to or discussed with him the disposition of his property.

The will was written by a notary public in the notary's office, at the dictation of testator about two years before his death; Mrs. Robinson was not present, nor is there evidence showing she previously counseled testator or in any manner sought to induce him to favor her by will or otherwise. Appellants' evidence to the effect that she was a "domineering woman," and had in her possession a copy of the will shortly before testator's death, and had inquired of friends their opinion as to its validity, rises no higher than insinuations and was wholly insufficient to establish appellants' contention. We have held that "Mere slight circumstances, which might tend to create suspicion, are not sufficient to establish the fact of undue influence": Buechley's Est., 278 Pa. 227, 231.

In refusing an issue devisavit vel non, the learned court below, in closing its opinion, after considering the evidence, says: "From the evidence I am of opinion that at the time of the execution of the writing the decedent was a person of sound mind; that the writing was not procured by undue influence, duress and constiaint practiced upon decedent by Mrs. Julia Robinson and others in her behalf; and that the writing is the will of decedent." Our reading and consideration of the record unhesitatingly leads us to the same conclusion.

The decree is affirmed; costs to be paid by appellants.