## Tranowicz's Estate.

Argued January 28, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART and MAXEY, JJ.

*George Morrow,* for appellant.

*Cornelius B. Comegys,* with him *Harry Needle,* for appellee.

PER CURIAM, March 16, 1931:

This appeal is from the refusal of the Orphans' Court of Lackawanna County to award an issue d. v. n. to determine the validity of the will of Martin Tranowicz. Appellant contends that testator at the time of execut-

ing the will was not possessed of sufficient mental capacity to know and appreciate "that the instrument was a will and that his name was being signed to it as a will." Appellant also complains of refusal of the court to permit him to amend his petition and allege forgery of the writing.

The latter complaint was refused because it averred new matter after the case had been fully heard and the evidence closed; and further for the reason that allegations of undue influence and forgery were inconsistent contentions. The record shows it was definitely stated, without contradiction, on several occasions in the course of the hearings, that there was no allegation of forgery, consequently the court below was for all these reasons correct in refusing to reopen the case to admit such contention.

Martin Tranowicz, a short time before his death, which occurred January 8, 1929, visited his attorney and instructed him to prepare his will, giving detailed instructions as to the disposition he desired to make of his property. His wife, Mary, was present at the interview but took no part in the conversation between testator and his attorney. Testator refused to await the transcribing of the will, saying he would sign it later. Subsequent to January 1, 1929, testator was unable to leave his bed, and realizing death was imminent, his wife, in response to his request, secured the will from his attorney, and delivered it to testator. This paper, delivered to testator according to the record, bears his signature and that of two disinterested witnesses, the family physician and testator's sister, and was the one duly probated. By it testator, after making two minor requests, leaves his estate to his wife for life, "with the full understanding that she is at liberty to use any and all of the said property for her use and benefit, for whatever purpose she may need the same during her natural life," the remainder, if any, to be divided between two of his children, one of whom is appellant here. His wife was

named as executrix. Eight months subsequent to probate, the petition for an issue d. v. n. was presented by appellant to the orphans' court, upon which a hearing was had and evidence presented as to testator's physical and mental condition during the last days of his life, especially as to the time and conditions under which he signed the will, and the circumstances under which the writing was probated.

The evidence as a whole is not clear, and at times is contradictory; it is clearly insufficient to prove appellant's contentions of lack of legal capacity, or fraud or deceit practiced on testator to procure execution of the paper. The case is peculiarly one in which "the court of first instance is in a better position than the reviewing tribunal to pass upon elements of fact such as are here presented" and "its judgment on appeal is entitled to great consideration": Masho's Est., 303 Pa. 56. The court below in its opinion carefully and at length considers and weighs the testimony of the various witnesses, and we are not prepared to say it abused its discretion in refusing the issue: Mark's Est., 298 Pa. 285.

The judgment of the court below is affirmed; costs to be paid by appellant.