## Garlock et ux., Appellants, v. Fulton County.

Argued October 23, 1934. Before TREX-LER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*John N. Minnich,* for appellants.

*Jno. P. Sipes,* for appellee.

OPINION BY TREXLER, P. J., January 4, 1935:

By act of assembly of June 29, 1916, P. L. 13, the Waynesboro, Greencastle and Mercersburg Turnpike Company was incorporated, the road (Sec. 10) "to be laid out of not less than fifty feet nor more than sixty feet in width," and "at least twenty feet thereof to be made an artificial road," afterwards reduced to sixteen feet. The state acquired the road and it now forms part of Highway No. 224. The appellants are abutting property owners and are seeking damages for the taking of their land in the construction of the new road which follows the general lines of the old road. If when the company was incorporated sixty feet were taken there would be less land taken by the present construction than if the company had only taken fifty feet. The question, therefore, is, what was the original line? The court in its charge to the jury employed the following language:

"Because of the lapse of time and the loss of records and the inability of anyone who is now living to have information concerning what was actually done by the company under the law, according to decisions as I have construed them, the company would have been presumed in exercise of its right to have taken as a minimum right-of-way the width it was entitled under the act of assembly to take, which in this case would be sixty feet. That presumption, however, is a pre-

sumption of fact and thereby may be rebutted by competent and convincing testimony.

"So starting with the presumption it did take sixty feet as the right of way, determining that width by locating the middle line of the improved section as the center of the right-of-way and measuring thirty feet on each side, you are to determine whether or not in fact they did take less than that amount of right-of-way at that particular location."

When there was proof shown that the plaintiffs had taken possession of the land up to the fifty feet width of road, it was incumbent upon the company, not upon them, to show that it had appropriated more. At the trial there was no evidence other than markings on the ground to show any designation on the part of the turnpike of the width appropriated at the time the road was originally laid out and confirmed; there were no markings on the ground other than the fences to which reference is made. This is admitted. There was a greater burden placed upon the plaintiffs than they should have been required to bear. Of course, the plaintiffs could not recover for any land which was within the road having the minimum width of fifty feet. Undoubtedly, the presumption as to that is that the company took the land to that extent, but, under the case as presented, we think that the interval between fifty and sixty feet, if in the possession of the plaintiffs, placed a burden upon the defendant to show that it had appropriated sixty feet. Possession standing alone but unimpeached is evidence of title. It is the lowest kind of title, but is good against any one not having a better one. In the case of Turnpike Co. v. Railroad, 6 Montgomery Co. 121, where there was, as in this case, an authorization for the taking of not less than fifty feet nor more than sixty feet, Judge Swartz, whose opinions are highly regarded states:

"It would seem to us therefore that the turnpike

company is confined prima facie to the right of way between the fence lines, that being the only method indicated by it to determine the extent of the appropriation. This indicates a roadway about fifty feet wide and a compliance with the charter designating a width of not less than fifty feet."

The fixing of a minimum and a maximum by the act indicates an alternative and the company must adopt one or the other. The cases relating to railroads do not apply for there is but one width mentioned there and that is sixty feet and where there is a lack of evidence showing that the railroad company took less, the presumption is that it took all it was entitled to, but it would seem a necessary requisite that where a company can take two widths, in order to have a definite relation between it and the abutting property owners there should be some affirmative action indicating what width was taken. The case of Lenhart v. Wright, 286 Pa. 351, 133 A. 495, is cited by both parties. In that case, as in this, except that the widths designated are different, the turnpike was directed to be built of a width not less than forty feet and not more than fifty feet, and it was stated there that the occupation of land was to the extent indicated, fifty feet. The appellee claims to find support for his position in the language employed there, but the court took occasion to state, "Of course, such right may be limited, and be evidenced by maps indicating the taking of a less part, or by deeds, releases or acts negativing such intention to occupy all permitted: P. & R. R. Co. v. Obert, 109 Pa. 193; Marshall v. Penna. Co., 44 Pa. Superior Ct. 68. But no such situation appears here. Not only was there granted the power to take forty feet, but the legislature directed that the highway should be opened to at least that width, and provided a method by which full compensation could be secured, if the abutting owner believed damage would result.

If *only* the *maximum* extent has been designated in the act, there is a legal presumption that the full amount was taken, as we have seen. There is even more reason to so hold where the legislature fixed a minimum. The effect of thus designating the least width to be appropriated has not been the subject of discussion by the appellate courts of this state, so far as we have been able to discover, but the question has frequently been considered in other jurisdictions, which uniformly hold that, under such circumstances, encroachments within the minimum distance designated, though long continued, are illegal,'' citing cases. (Italics ours.) If any support is given by the above to either party it is to the plaintiffs.

We may add that the solution of the question was peculiarly in the possession of the defendant for the records of the turnpike company showing corporate action were, no doubt, if still in existence, accessible to it rather than to the plaintiffs. If by lapse of time they have actually disappeared it may be unfortunate for the defendant, but the consequences are not to be laid upon the plaintiffs and a presumption invoked against them because of lack of evidence as to what the act of the company was in this respect. If the jury, on a retrial, finds that there is sufficient evidence of the *possession* of the plaintiffs of the land which is now appropriated by the State, beyond the fifty feet width, there is no presumption which should be considered by the jury, except that the fences indicated the extent of the area taken by the company unless there be proof to the contrary.

The judgment of the lower court is reversed and a new trial awarded.