## Fritchey v. Commonwealth, Appellant.

Argued May 16, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*George W. Keitel,* Assistant Deputy Attorney General, with him *Guy K. Bard,* Attorney General, and *James N. Lightner,* for appellant.

*Chas W. Eaby,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1938:

The Commonwealth appeals from the grant of a new trial in a proceeding to recover damages from it for the alleged appropriation of some of plaintiff's property, in the widening and improving of a state highway, upon which her land abuts, in which proceeding the jury rendered a verdict in the Commonwealth's favor.

The record is in a very unsatisfactory shape for review by an appellate court. Plaintiff, in what started out as an eminent domain proceeding to recover damages for the taking of some of her land and consequential injuries to the rest of her property, is apparently now seeking damages for the tearing down of part of a stone wall in front of the property and for interference with the operation of a cesspool thereon and the cost of constructing a new one. Much of the testimony relates to the latter and one of the exhibits which was before the jury is entitled "Cesspool expenditures" and shows items spent for labor and material in connection therewith, amounting to $211.33.

The Commonwealth contends that whatever was done by it was done within the limits of the road and that none of plaintiff's land was taken and therefore no damages are recoverable. In a number of cases, one of them very recently handed down, *Heil v. Allegheny County,* 330 Pa. 449, 199 A. 341, we have ruled that damages are not recoverable from the Commonwealth where no land is taken: *Puloka v. Commonwealth,* 323 Pa. 36, 185 A. 801; *Soldiers and Sailors Memorial Bridge,* 308 Pa. 487, 162 A. 309; *McGarrity v. Commonwealth,* 311 Pa. 436, 166 A. 895. The trial judge mistakenly instructed the jury that even though plaintiff's land actually was

not entered upon, if there was any change in the established roadway, which adversely affected her property, she would be entitled to compensation.

The important question in the case is the boundary of the road. The Commonwealth contends and in our opinion has established that the highway is 33 feet wide. This being so, the entire improvement and everything it did was accomplished within the highway right of way limits. To establish its position, the Commonwealth produced a survey which shows the road to be 33 feet wide between fence lines as it approaches plaintiff's land. While there is no fence along the front of plaintiff's property there is a stone wall. Measuring from the center line of the road as established by the fence lines, her stone wall is beyond the road limits. A search of the records of the county developed no proceeding to establish and lay out the road. Nothing in connection with the road could be found. In this situation the legal width of the road would be as it appeared on the ground between the fence lines: *Com. v. Llewellyn,* 14 Pa. Superior Ct. 214; *Washington Boro. v. Steiner,* 25 Pa. Superior Ct. 392; 13 R. C. L. 56, 58. As giving color to the claim that the road, however laid out, was 33 feet wide, it is to be noted that under the Second Class Township Code of May 1, 1933, P. L. 103, 53 PS Sec. 19093-1105, every road not of record which has been used for public travel and maintained by township funds for a period of twenty-one years and upwards shall be deemed of the width of thirty-three feet and the width specified shall be "conclusively presumed." The rule of court in Lancaster County provides that the width of all public roads shall be 33 feet unless otherwise directed by the court. The Act of April 6, 1921, P. L. 111, 36 PS Sec. 1901, as amended, provides that the width of all public roads shall be at least 33 feet.

The court, in its opinion awarding a new trial, states that it does so because the verdict of the jury in favor of the Commonwealth was capricious. We are some-

what at a loss to see why under the proofs submitted this is so, unless the court reached the conclusion because of its mistaken view of the law. The court went on to say: "Upon a retrial the claimant should produce some evidence of the existence of her true boundary line." So far as the present proceeding is concerned, this depends upon the width of the road and the proofs established the road as 33 feet wide. This being so, no land of plaintiff was taken.

Our conclusion is that the court below erred in awarding a new trial.

Order reversed.