Arnovits, Exr., *v.* Commonwealth, Appellant.

Argued January 28, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*George W. Keitel,* Assistant Deputy Attorney General, with him *Joseph F. Tedesco,* and *Claude T. Reno,* Attorney General, for appellant.

*Morris M. Arnovits,* with him *Frank J. McDonnell* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 24, 1941:

This is an appeal by the Commonwealth in a proceeding brought by plaintiff to recover damages due to the alleged appropriation of a strip of his land in the improvement of a State highway. The position of the Commonwealth is that he does not have title to the strip of land, because years ago it had been acquired by a Turnpike Company. The determination of the issue presented rests on the legal width. of the turnpike. If its width as laid out by the Turnpike Company was fifty feet, plaintiff has no case. If its side lines were only forty-one feet apart, then, in improving the highway, the Commonwealth has taken part of plaintiff's land and done him considerable injury, as it may be necessary to tear out the front of his building to make it conform to the existing boundary.

Plaintiff's property is in the Borough of Dunmore and abuts upon what was the Roaring Brook Turnpike, now a State highway, which has been reconstructed. The Turnpike Company was incorporated by the Act of March 29, 1867, P. L. 607. This Act makes the Turnpike Company subject to the provisions of the Act of January 26, 1849, P. L. 10, which specifies in Section 11 that the president and managers shall "cause a road, if a turnpike, to be laid out not exceeding fifty feet in width, and cause at least eighteen feet of said width to be made an artificial road." In the words "not exceed-

ing fifty feet in width" is the nub of this controversy. The Commonwealth takes the position that there is a presumption that the turnpike was opened to the width of fifty feet and that there is no evidence to rebut such presumption. Plaintiff submits that under the language of the statutes there is no such presumption and furthermore that' there is evidence which shows the width to have been not more than forty-one feet, the principal proof being a map incorporated in a proceeding brought by Lackawanna County to free the turnpike of tolls, which shows the side lines of the road to be forty-one feet apart.

In the first place do the words "not exceeding fifty feet in width" carry the presumption that the road was so laid out? We have heretofore established these principles:

Where a right of way is granted up to a specified maximum width, the presumption is that the grantee of the right took the maximum width: *Phila. & Reading R. R. Co. v. Obert,* 109 Pa. 193, 1 A. 398; *Williams v. D., L. & W. R. R. Co.,* 255 Pa. 133, 99 A. 477; *Foley v. Beech Creek Ext. R. R. Co.,* 283 Pa. 588, 129 A. 845; *Lenhart v. Wright,* 286 Pa. 351, 133 A. 495; *Garlock v. Fulton County,* 116 Pa. Superior Ct. 50, 176 A. 38. Where the charter specifies the maximum and minimum width, the presumption in the absence of proof of a greater taking is that the minimum width was laid out: *Lenhart v. Wright,* supra; *Garlock v. Fulton County,* supra.

Even if there be a presumption in favor of a width of fifty feet in the present proceeding, there is proof which we think most convincing, furnished by a map, part of the record made when the County of Lackawanna condemned the turnpike to free it from tolls, which is attached to the report of the viewers. This map shows the width to be forty-one feet. It would not appear reasonable to conclude that the Turnpike Company would have allowed the condemnation proceeding to go through on the basis that it had a road only forty-one

feet wide, if in fact it had laid it out fifty feet wide. Subsequent to the condemnation, everything done by the Borough of Dunmore, such as the construction of sewers and sidewalks and the establishment of curb lines, recognized the lesser width. We conclude that the width was not more than forty-one feet.

The amount of damages is not in dispute. The Commonwealth offered no testimony on that phase of the case.

Judgment affirmed.