Kamerer et al., Appellants, *v.* Commonwealth.

Argued September 28, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lee C. McCandless,* for appellants.

*Robert M. Mountenay,* Assistant Deputy Attorney General, with him *Robert B. Greer, Jr.,* Associate Counsel, *Phil H. Lewis,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1950:

The plaintiffs, alleging that their property in Mercer Township, Butler County, had been damaged by the Commonwealth's relocation and improvement of State Highway Route 73, petitioned the Court of Quarter Ses-

sions of the county, pursuant to the provisions of Section 16 of the Act of May 31, 1911, P. L. 468, as supplemented and amended (36 PS §171), for the appointment of viewers to assess the damages alleged. The court so acted; and, following a view and hearings, the viewers filed a report wherein they assessed no damages to the petitioners. The latter thereupon appealed to the Court of Common Pleas, as allowed by the Act of 1911, supra, where, upon trial of the issue joined between the petitioners as plaintiffs and the Commonwealth as defendant, the jury returned a verdict for the defendant. Motion for new trial was refused; and the plaintiffs appeal from the judgment entered on the verdict.

The principal issue litigated below was one of fact as to whether there had been a taking of any of the plaintiffs' property by the Commonwealth in connection with the highway improvement,—a question which the learned trial judge submitted to the jury in a charge to which the plaintiffs took but a general exception. As appellants here, they contend that the trial court erred in permitting the jury to consider testimony of two engineering witnesses for the Commonwealth with respect to a certain plan in evidence. They argue that the assailed testimony was incompetent, as being merely opinion evidence opposed to actual measurements, to other surveys in evidence and, also, to a record right of way allegedly showing the location of the old road since 1858.

In reconstructing old Route 73, upon which the appellants' property abutted, the new highway was relocated away from their property; a connecting road joining the former highway with the new was constructed immediately in front of their property. The relocation, which they say encroached upon their property, is the portion of the connecting road which extends from the old highway toward their property. The basic factual issue was whether the former highway

(Route 73) as originally laid out was forty feet wide, as the Commonwealth maintains, or only thirty-three feet wide, as the appellants contend. If it was forty feet wide, then there was no taking of the appellants' property incident to the highway relocation and reconstruction as the appellants, themselves, concede.

By Act of April 5, 1858, P. L. 207, the legislature authorized the laying out, by three Commissioners therein named, of a State road from New Castle, in Lawrence County, to Emlenton, in Venango County, by way of Harrisville and Anderson's Mills in Butler County. The Act enjoined upon the Commissioners that they perform all the duties thereby required in respect of the improvement, including the making by their surveyor of a fair and accurate draft of the location of said road with the courses and distances noted thereon, and further directed that a copy of such draft be deposited in the office of the Secretary of the Commonwealth and in the office of the Clerk of the Court of Quarter Sessions for each of the counties traversed by the road. The Commissioners duly performed their statutory duties in the premises and filed of record in the office of the Clerk of the Court of Quarter Sessions of Butler County, inter alia, and in the office of the Secretary of the Commonwealth the prescribed draft of the road's identified location. Thereupon, as provided by the Act, the road became "to all intents and purposes a public highway . . . opened to the width of *forty* feet, . . . ." (Emphasis supplied.)

A qualified surveyor is competent to interpret what a plan or blueprint shows, even though his opinion amounts to a conclusion with respect to the ultimate fact in issue. The opinion evidence of the Commonwealth's two engineering witnesses that old Route 73 occupied the right of way of the road laid out and opened in 1858 was properly admitted. As was said

in *Jackson v. Lambert,* 121 Pa. 182, 191, 15 A. 502,—
"The question regards location, which is always one of
fact, hence, one about which a surveyor who is properly
instructed concerning the facts, may always give his
opinion [citing cases]." See also Wigmore on Evidence
(3rd Ed.), Vol. 7, Sec. 1956. The appellants' objec-
tion to the testimony of the Commonwealth's engineers
for the assigned reason that it stated a conclusion was
directly answered and overruled in *Jackson v. Lambert,*
supra. There, the trial judge had stricken out testimony
of a qualified surveyor "for the singular reason that it
would be a legal conclusion." In reversing, this court
held that the exclusion of the testimony was error.
Nor was the opinion of the Commonwealth's witnesses
as to the relation of old Route 73 to the road surveyed
and laid out in 1858 impeached by reason of the fact
that it was based in part upon a draft which the wit-
nesses had prepared by superimposing on a scale draw-
ing of the Highway Department's plan of Route 73
a line in accordance with the courses and distances
shown on the 1858 survey; the character of the data
upon which the opinion was formulated went to its
weight rather than its competency.

That there were deviations between Route 73 and
the 1858 road survey is conceded by the Commonwealth.
But, that fact did not render it conclusive that old
Route 73 did not occupy the legislative highway of
1858 as then actually laid out to a width of forty feet.
Such discrepancies as now appear upon a comparison
of the 1858 survey with old Route 73 may reasonably be
ascribed to the less exact surveying techniques of the
time,—a condition which the draft of the 1858 survey,
as filed by the Commissioners, serves to confirm. The
many courses and distances shown on the 1858 draft
are, without a single exception, in whole (no fractional)
degrees and in round (no partial) perches,—a circum-

stance that would be so unusual as to be incredible if credit be insisted for it at face value. For like reason, neither can the survey which the appellants lately caused a surveyor to trace back on the ground from Harrisville to the locality of their property, according to the courses and distances of the 1858 draft, be thought to have established conclusively that old Route 73 did not occupy the right-of-way of the 1858 road.

In the absence of a showing to the contrary, a public highway is assumed to have been opened as legally directed. But, in ascertaining the center line and sides of a highway, it is the road as actually laid out and opened to public travel that determines its location rather than the courses and distances designated by the report of viewers appointed by a court or of commissioners directed by the legislature to lay out and open the highway. "In either case, the center line of the road as opened upon the ground is the point from which the sides are to be determined: [citing cases]": *Lenhart v. Wright,* 286 Pa. 351, 357, 133 A. 495. The situation in *Commonwealth v. Jackson,* 10 Pa. Superior Ct. 524, 525, pointedly portrays how the reality of a highway's actual opening controls over the paper plan in determining the legally recognized place of the highway's location. Regardless of deviation from indicated survey in the opening of a public road, the width ordained by the legislature is conclusive: *McMurtrie v. Stewart,* 21 Pa. 322, 326; and, no matter how long continued may be encroachments within the highway's officially designated width, they are illegal: *Lenhart v. Wright,* supra, at p. 358.

The basic issue of fact, as stated earlier, was whether the width of old Route 73 was forty feet or thirty-three feet. The jury's verdict implies a finding that it was forty feet wide and, consequently, that there was no taking of the appellants' property in the relocation and

improvement of the highway. Many of the material facts were of ancient origin and are, therefore, now difficult of precise determination, but, as there is no convincing proof in the record that the jury's verdict was wrong, the result may not justifiably be questioned: *Ligo v. Dodson,* 301 Pa. 124, 130, 151 A. 694.

Judgment affirmed.