Hostetter *v.* Commonwealth, Appellant.

Argued April 10, 1951. Before STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Clarence C. Newcomer,* with him *Thomas C. Evans, Phil H. Lewis,* Deputy Attorney General, *Charles J. Margiotti,* Attorney General, and *Harold W. Budding,* for appellant.

*Paul A. Mueller,* for appellee.

OPINION BY MR. JUSTICE BELL, May 21, 1951:

Plaintiff recovered a substantial verdict in a land damage case arising out of the relocation and widening (in 1947) of a State highway previously known as the New Holland Turnpike in Lancaster County. The real question involved is a narrow one—what was the width of the plaintiff's property which was taken; and that in turn depends on whether a legal taking (for highway purposes) by the Commonwealth's predecessor in title, over 100 years ago, was 33 feet or 50 feet.

The records of the Court of Quarter Sessions of Lancaster County show that in 1798 land was taken for a 33 foot road. In 1810 the Lancaster and New Holland Turnpike Road Company, the Commonwealth's predecessor in title, was authorized to lay out a road not exceeding 50 feet in width. So far as this record shows, it is impossible to tell from the deeds of the present owners or of their predecessors in title their exact boundaries or the exact land taken by the New Holland Turnpike Road Company in 1810. All parties agreed that the hard surface (highway) road which had been actually and continuously in use from 1798 to 1947 was 18-20 feet in width. *The public records of Lancaster County show no deeds and no court*

*proceedings which widened the highway* beyond its original (1798) 33 feet.

Plaintiff's property extended along both sides of the highway—510 feet on one side and 875 feet on the other side. Plaintiff, shortly after the purchase of this property in February *1927*, erected a residence as well as *trees, hedges, fences,* poles and stone walls *along what the plaintiff claims is the boundary line of her property,* viz. along the 33 foot wide (1798) highway. Moreover, immediately west of plaintiff's property, the highway crossed a stream over *an old bridge which was 33 feet wide.* The Commonwealth in *1947* took for highway purposes a strip of land 60 feet in width, which included the plaintiff's property and extended 5.3 miles in length. 31.9% of this 5 mile property had monuments of one sort or another along the 33 foot wide highway boundary line.

The Commonwealth presented some very slight evidence to show that the monuments along what we might loosely call the 1810 right of way were separated in width a distance 47 to 54 feet; but it relied mainly on the presumption of law that where a right of way is granted up to a specified maximum width, the presumption is that the grantee took the maximum width: *Arnovits, Exr. v. Com.,* 341 Pa. 149, 151, 19 A. 2d 287; *Lenhart v. Wright,* 286 Pa. 351, 356, 133 A. 495; *Kamerer v. Com.,* 364 Pa. 120, 125, 70 A. 2d 305. Notwithstanding the fact that this presumption may be rebutted by any competent evidence, defendant contends that evidence as to the 1798 road was irrelevant and inadmissible since it did not prove the width of the 1810 (highway) taking. It could not, of itself, prove the width of the 1810 highway, but under all the evidence in this case it was a relevant and material fact to be considered in conjunction with all the other evidence in determining the plaintiff's present boundaries.

When a right or title is of ancient origin or where the transaction under investigation is so remote as to be incapable of direct proof by living witnesses or by the ordinary documentary evidence, the law, of necessity, relaxes the rules of evidence and requires less evidence to substantiate the fact in controversy. For example, ancient maps, records, surveys, ancient town plots, historical books which have been generally treated as authentic, reports made by disinterested parties apparently conversant with the facts and now dead, have been held admissible as furnishing evidence of remote transactions: *Laidley v. Rowe,* 275 Pa. 389, 394, 119 A. 474. Maps, surveys, monuments, pedigree and even reputation evidence have been held to be admissible to establish boundaries: *Over v. Lindsay,* 255 Pa. 283, 99 A. 805; *McCausland v. Fleming,* 63 Pa. 36, 11 C. J. S. §105-115. Moreover, boundaries may be established by circumstantial as well as by direct evidence: 11 C. J. S. §116 page 714.

The map made for the Commonwealth by the State Highway Department which showed the same set of physical facts and monuments as did the testimony of the witnesses for plaintiff was likewise admissible. Of course this map did not disclose or purport to disclose how long the monuments or boundary lines had been in existence, or whether they marked the plaintiff's boundaries or were encroachments on land which might have been taken in 1810 by the Commonwealth's predecessor in title. However, the Commonwealth possessed or had access to the records of its predecessor in title (if such records are still in existence) and if 50 feet instead of 33 feet had been actually or legally taken for a highway in 1810, it has no one but itself to blame when it failed to produce or account for these records.

The Jury of View awarded the plaintiff $13,000 damages. The defendant appealed to the Court of

Common Pleas of Lancaster County and at the trial in that court the jury returned a verdict of $16,000 in favor of plaintiff. The court below believed the verdict was fair and just, and dismissed defendant's motion for a new trial.

If the plaintiff had been able to prove that the hedges, fences and walls had been erected along plaintiff's claimed boundaries at or shortly after the original taking in 1810 and had existed ever since, there could be no doubt that this would have made out a strong prima facie case. This the plaintiff was unable to do. On the other hand, plaintiff does not and cannot claim title by adverse possession against the Commonwealth or even against a company which owns property or has a right of way impressed with a public use or purpose: *Graham & Co. v. Pa. Turnpike Commission,* 347 Pa. 622, 33 A. 2d 22; *Western N. Y. & P. Ry. Co. v. Vulcan Foundry Co.,* 251 Pa. 383, 96 A. 830; *McGuire v. Wilkes-Barre,* 36 Pa. Superior Ct. 418; Ladner, Real Estate Conveyancing, §20, page 31. Plaintiff offered her evidence on the theory which is undoubtedly the law (1) that boundaries may be established (a) by monuments and (b) by acts evidencing or negativing boundaries or ownership and (2) that possession, unimpeached, is some evidence, however slight, of title: *Arnovits v. Com.,* 341 Pa. 149, 19 A. 2d 287; *Fritchey v. Com.,* 331 Pa. 179, 200 A. 622; *Garlock v. Fulton County,* 116 Pa. Superior Ct. 50, 176 A. 38; Ladner, Real Estate Conveyancing, § 15, page 28.

The jury obviously believed the plaintiff's witnesses and its verdict was approved by the court below. While plaintiff's evidence as to the boundaries of her property was very skimpy, nevertheless, considering the antiquity of the right involved and the peculiar facts and circumstances of this case we do not believe that the court below erred either in submitting the case to

the jury or in dismissing the defendant's motion for a new trial.

We have considered all the arguments and contentions of appellant, but deem further discussion of them unnecessary.

Judgment affirmed.