## Jones Estate (No. 2)

` Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Montgomery, McCracken, Walker & Rhoads*, for preliminary objections.

*Schnader, Harrison, Segal & Lewis*, and *Romeika, Fish & Scheckter*, contra.

BOLGER, J., November 20, 1959.—We have before us a new set of preliminary objections filed by proponent to a second amended petition sur appeal from the register's decree of probate. We recently disposed of contestant's preliminary objections to an amended petition sur appeal, wherein we authorized contestant to file the new petition to incorporate upon the record what might have been regarded as new, patent material which was outside the record to sustain contestant's added charge of forgery to the original charges of lack of testamentary capacity and of undue influence; therein we deferred passing upon proponent's objection that the charge of forgery is inconsistent with those of lack of testamentary capacity and of undue influence. The new objections repeat the allegation of inconsistency and attack the new petition because of alleged inadequacy of detailed pleading.

We are all satisfied that the obscure situation depicted by contestant of the will, which disposes of an estate in excess of $1,600,000 to the widow, testator's second wife, and cuts off the daughter, one of the natural objects of testator's bounty, with a bequest of $5,000, is of such a character as to require a complete judicial inquiry into all of the circumstances attendant upon its preparation and execution. We repeat what we said in our earlier opinion that the sufficiency of contestant's averments is to be judged at this stage of the proceeding in the light of the above and of the other alleged facts, inter alia, that the will purports to be a holographic one, that the degree of proof of execution before the register consisted solely of the affidavits of two persons who swore that they knew testator in his lifetime, were familiar with his handwriting and identified the signature on the alleged will as his handwriting, and that most of the other proof, if any, concerning the other circumstances associated with the execution of this will lies peculiarly within the knowledge of proponent. We are therefore satisfied that the weight to be given the testimony by handwriting experts rises much higher than mere suspicion and conjecture. Therefore, Conley Estate, 14 D. & C. 2d 685 (1958), and Howard's Estate, 45 D. & C. 588 (1942), have no application. Our examination of the averments in the newly amended petition supporting the charge of forgery convinces us of their sufficiency.

We are also unanimously of the opinion that the apparent technical inconsistency pointed out by proponent is no bar to permitting the charge of forgery to stand. While there appears to be no recorded case in Pennsylvania in which the point has been raised, there is an abundance of cases wherein contests involving all three grounds advanced by contestant have been tried and decided. These include Simon Will, 381 Pa. 284 (1955) ; Hughes' Estate, 286 Pa. 466 (1926) ;

Bradley v. Pierce, 180 Pa. 262 (1897). Tranowicz's Estate, 303 Pa. 202 (1931), is definitely inapposite.

In conclusion, we concur in the statement contained in 2 Page on Wills (Lifetime Edition), §628, p. 185: "Contestants may allege as many grounds as they hope to establish. If it is possible that two or more grounds of contest could exist at the same time, the contestant may take advantage of all of them although they are technically inconsistent."

All preliminary objections are dismissed and proponent is directed to file an answer to the newly amended petition.