**Fraver v. Vranicar**

*Charles E. Sweigard, Jr.,* for plaintiff.
*Lee C. Swartz,* for defendants.

CALDWELL, J., October 11, 1972.—This is an action to quiet title in which plaintiff claims title by adverse possession to a rectangular tract of ground in Swatara Township. This tract, which has a frontage of 87.5 feet on the north side of Derry Street, adjoins the eastern boundary of another parcel of land on which plaintiff's home is erected.

After reviewing the evidence, we find that plaintiff has shown actual, open, visible, notorious, continuous and hostile possession of the tract in question since the fall of 1947. This tract has been used by plaintiff in conjunction with his home and is located within a few feet of the east side of his dwelling house. The area has been occupied since 1947, and by plaintiff's predecessor before that date, as part of plaintiff's overall property and is maintained in grass, flower beds, garden and shrubbery. Plaintiff has constructed a driveway over the tract which leads to his garage and it is likely that the drain field of his septic system is beneath the disputed property. A fence was also erected by plaintiff about 1950 which included the disputed area within its confines. The surrounding land has been a jungle of brush and undergrowth, and the area claimed by plaintiff has been easily distinguishable as being included within the space occupied and used by plaintiff as his residence.

Plaintiff's occupancy and claim of ownership exceeds the 21-year statutory period for adverse posses-

sion and were the matter uncomplicated by any other factor, we would declare that title had been acquired by adverse possession. However, the fact is that the legal title to the property in question was held by the Secretary of Banking of the Commonwealth of Pennsylvania from 1931 until it was conveyed to defendants on July 18, 1961. Apparently, the Secretary of Banking acquired title under the provisions of the Act of May 15, 1933, P. L. 565, 71 PS §733-701, when he became the receiver for the Mechanics Trust Company, which had held title to the property, on October 23, 1931.

It is defendants' position that the Commonwealth's title or interest from 1931 to 1961 tolled the running of any prescriptive period and that plaintiff's possession of the property until 1961, which defendants denied at trial, cannot be considered for the purposes of adverse possession. If this argument is correct, it is obvious plaintiff cannot successfully claim the property.

There is no disagreement with the general legal rule that time does not run against the Commonwealth and that adverse possession cannot be asserted against the Commonwealth. See Hostetter v. Commonwealth, 367 Pa. 603, 80 A. 2d 719 (1951). It also appears to be the law in Pennsylvania that the prescriptive period is tolled during any time in which the Commonwealth holds title, even though the claim of adverse possession is not asserted against the Commonwealth.

In Pennsylvania Canal Co. v. Harris, 101 Pa. 80 (1882), plaintiff canal company brought an ejectment action in 1867, seeking to oust defendant from certain property to which it claimed the title. One of the contentions made by defendant was that he had been in possession of the property since 1828, or in excess of 21 years. Plaintiff had acquired the property in 1857 from the Commonwealth of Pennsylvania, so that

over one-half of defendant's alleged prescriptive period accrued during ownership by the Commonwealth. The court stated that defendant did not acquire any prescriptive rights during the period that the property was owned by the Commonwealth. Plaintiff's ejectment action having been brought less than 21 years after the Commonwealth parted with the title, defendant's claim of adverse possession was denied.

A similar situation faced the court in Hillegass v. Bachert, 23 Lehigh 234 (1949), where defendant claimed title by adverse possession. The Commonwealth had been a holder in the chain of title for plaintiffs' property. The court denied defendants' claim and stated that, "the ownership of the Commonwealth tolled the statute and cannot be tacked to the possession of any other adverse holder."

Plaintiff seeks to distinguish the present situation on the basis of the nature of the title held by the Secretary of Banking, to wit, as a receiver for a banking institution and, hence, for the benefit of a certain class of persons, i.e., the creditors and shareholders of the banking institution. It is argued that the land was not held as land of the Commonwealth for general public purposes and that this distinction should exempt the land in question from the rule that tolls the running of a prescriptive period during ownership by the State. No evidence was presented as to the precise nature of the receivership or as to the disposition of the funds that resulted from the sale. The only evidence in this regard consists of legal documents and deeds involved in the transfer of the title to defendants.

No authority has been presented to support the proposition that any such distinction can be made on the basis of the nature of the Commonwealth's title, and we can find no support in our law for it. So far as we can ascertain there is an absolute tolling of pre-

scriptive rights against real estate whenever the Commonwealth is the titled owner.

We think the general rule is a logical one. If we were to decide the rule does not apply for the reasons advanced, it would be tantamount to declaring that the secretary and/or the Commonwealth has a fee simple title to the land but is without the power of conveying the same title to a purchaser. We believe the rule of law to be that no length of adverse possession can affect the Commonwealth's legal title. It follows that the State may, therefore, convey its title to any other person, and the land held by its grantee will be as unaffected by the possession of the person claiming adversely as it was when the land was in the hands of the Commonwealth.

Our conclusion as to the law in Pennsylvania requires us to declare that plaintiff has not acquired title to the tract in dispute and that title to the same is vested in defendants.

VERDICT

And now, October 11, 1972, judgment is entered in favor of defendants and against plaintiff.