David I. Mosher, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs May 7, 1985, to Judges ROGERS and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas A. Walrath, Jr., Walrath & Coolidge,* for appellant.

*James E. Carlson,* District Attorney for Tioga County, appellee.

OPINION BY JUDGE ROGERS, June 13, 1985:

David I. Mosher (appellant) appeals from a judgment of sentence to pay a fine of $300.00, plus costs, entered by the Court of Common Pleas of Tioga County after finding him guilty of hunting in Pennsylvania and killing an antlerless deer without a valid non-resident's hunting license, violations of Section 316(a) and 701 of the Game Law, Act of June 3, 1937, P.L. 1225, *as amended,* 34 P.S. §§1311.316(a), 1311.701.

On December 15, 1982, a deputy game protector, acting on an anonymous tip, visited the appellant's apartment where he discovered a recently killed antlerless deer hanging in the yard. The game protector spoke with the appellant who admitted that he killed the deer in Tioga County, Pennsylvania, and produced a current Pennsylvania resident hunting license. The game protector, believing that the appellant's residence was located just north of the Pennsylvania-New York state line, thereupon charged him with hunting in Pennsylvania without a non-resident hunting li-

128

cense and with possession of an unlawfully taken antlerless deer. The appellant was found guilty of these charges by the district justice and at the hearing de novo before the court of common pleas, the sole issue was that of whether the appellant's residence was located in the Commonwealth of Pennsylvania or in the State of New York. The court of common pleas, as noted, concluded that the appellant's residence was indeed located in the State of New York and imposed fines totalling $300.00[1]

The appellant contends that there was insufficient evidence to support his convictions for violating Sections 316(a) and 701 of The Game Law.

To evaluate the sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the trial court could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980). "Moreover, it is the province of the trier of fact to pass upon the credibility of witnesses and the weight to be accorded the evidence produced. The fact finder is free to believe all, part or none of the evidence." *Com-*

---

[1] Section 321 of The Game Law, 34 P.S. §1311.321, provides that non-residents of the Commonwealth who shall hunt without obtaining a non-resident hunting license shall be sentenced to pay a fine of one hundred dollars ($100) and the costs of prosecution for each offense. Section 731 of The Game Law, 34 P.S. §1311.731 provides for the imposition of a two hundred dollar fine ($200) for any person who kills a deer in violation of The Game Law or regulations adopted thereunder. Both Sections 321 and 731 additionally provide that upon failure of a person convicted of violating their respective provisions to immediately pay the fines imposed and the costs of prosecution, he shall be imprisoned one day for each dollar of the fine imposed and costs of prosecution.

*monwealth v. Tate,* 485 Pa. 180, 182, 401 A.2d 353, 354 (1979).

Section 101 of The Game Law, 34 P.S. §1311.101 defines a resident as:

[A] person who is permanently domiciled within this Commonwealth and has his permanent home here to which he has the intention of returning whenever he is absent.

Maps, surveys, monuments, pedigree and even reputation evidence are admissible to establish boundaries. *Hostetter v. Commonwealth,* 367 Pa. 603, 80 A.2d 719 (1951). Here, the appellant resides in an apartment on the second floor of a house owned by Mrs. Beverly Merritt. Mrs. Merritt testified that the house is located north of a concrete marker which had been placed along the border between Pennsylvania and New York, that all the taxes on the property are paid to the Town of Lindley, New York, and that she told the appellant when he first moved into the house that it was located in New York. Mrs. Merritt also identified her property on a tax map prepared for the Steuben County Board of Supervisors which showed that a portion of her land was located in the Town of Lindley, New York. The Commonwealth also adduced the testimony of the deputy game protector who stated that the appellant's apartment was located "just north of the state line" and the mortgage on the subject premises which describes it as being situate in the Town of Lindley, County of Steuben, State of New York.

We believe that such evidence is sufficient to prove beyond a reasonable doubt that the appellant was a resident of New York and therefore was guilty of hunting in Pennsylvania without first obtaining a valid hunting license and having possession of an unlawfully taken antlerless deer.

Judgments of sentence affirmed.

130 

ORDER

AND Now, this 13th day of June, 1985, the order of the Court of Common Pleas of Tioga County in the above-captioned matter is affirmed.